**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vicente Roberto JIMENEZ,**
**Defendant–Appellant.**

**No. 00–10343.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 2001

Filed July 31, 2001

Rene L. Valladares, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Robert A. Bork, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: SNEED, SILVERMAN, CIRCUIT JUDGES, and LASNIK[1], District Judge.

LASNIK, District Judge:

Vicente Roberto Jimenez appeals his sentence of 70 months imprisonment entered pursuant to a guilty plea to a single count of violating 8 U.S.C. § 1326 (Illegal Reentry). Jimenez contends that the district court plainly erred in concluding that he had committed a prior aggravated felony. Without the finding of prior aggravated felony, Jimenez would have faced a maximum sentence of 27 months, far below the actual sentence he received. We find no plain error and affirm the sentence.[2]

---

1. The Honorable Robert S. Lasnik, District Judge, United States District Court for the Western District of Washington, sitting by designation.

2. In addition, Jimenez argues that because his sentence exceeded the two year statutory maximum found in 8 U.S.C. § 1326(a), it was unconstitutional under *Apprendi v. New Jer-sey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) and our subsequent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000).

## I

Vicente Roberto Jimenez was indicted on January 19, 2000 and charged with violating 8 U.S.C. § 1326. The indictment alleged that Jimenez was an alien, that he had been deported from the United States in June 1998, and that he was found in the United States without permission on or about November 17, 1999.

At a hearing on March 7, 2000, the prosecutor informed Jimenez that "a review of [his] rap sheet" revealed that his offense level was, at a minimum, 21. His sentence would consequently range from 46 to 125 months. This sentencing range was accurate only if the sentence incorporated an underlying aggravated felony. Jimenez acknowledged that he understood his potential sentence and entered a knowing and intelligent plea of guilty to the single count charged in the indictment.

Prior to sentencing, the district court ordered a presentence report ("PSR") from the probation department. At a sentencing hearing held on June 12, 2000, the court adopted the findings and recommendations of the PSR. According to the PSR, Jimenez's "base offense level" was 8 and he was subject to a 16 level enhancement because he had been deported after being convicted of an aggravated felony.

The PSR listed a 1995 conviction for "Inflict Corporal Injury on Spouse" as the qualifying aggravated felony. According to the PSR, Jimenez was originally granted 36 months probation on this charge. His probation was subsequently revoked and he was sentenced to two years in state prison. After serving thirteen months of his two year term, Jimenez was paroled to INS custody and deported. The PSR did not list the statute under which Jimenez was convicted nor did it include a judgment of conviction for the offense. It noted only that supporting "documents have been ordered but not received at the time of this writing." The PSR also listed three misdemeanor convictions arising from three separate incidents of domestic violence, and five additional arrests for the same offense.

At his sentencing hearing, the defendant was asked if he had any objections to the PSR. Defendant's counsel conceded that the PSR was factually accurate and correctly applied the sentencing guidelines. On appeal, however, Jimenez contends that the district court's reliance on the PSR was plain error requiring that his sentence be vacated. The government asserts that the right to appeal was waived when defense counsel confirmed the accuracy of the PSR. In the alternative, the government argues the sentence should be affirmed because reliance on the unchallenged PSR did not prejudice the defendant.

We hold that Jimenez's sentence may be reviewed for plain error. Finding no prejudice, however, we affirm.

## II

■ At the outset, we address the argument that Jimenez waived the right to appeal his sentence when his attorney conceded the accuracy of the PSR. Appellant, to avoid the force of this concession, urges us to review his sentence for plain error.

■ It is true that the failure of a criminal defendant to object to a district court's legal error does not prevent appellate review of certain errors. Fed. R.Crim. Proc. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court"). Rather, "the decision to correct the forfeited error [is] within the sound discretion of the court of appeals." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Only a party's waiver of the right to appeal by "intentional[ly] relin-

quish[ing] or abandon[ing] a known right" can immunize a legal error from this court's discretionary review. *Id.* at 733, 113 S.Ct. 1770.

In *United States v. Perez,* 116 F.3d 840, 844 (9th Cir.1997) (en banc), we clarified the distinction between a "forfeited error" and a "waiver of appellate rights." In *Perez,* we held that a defendant did not "waive" his right to appeal an erroneous jury instruction although his attorney affirmatively agreed to the instruction at trial. *Id.,* 116 F.3d at 844. Because there was no "evidence in the record that the defendant ... considered the controlling law ... and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction," the district court's error was deemed forfeited rather than waived. *Id.,* 116 F.3d at 845; *see also Id.* at 849 (Kleinfeld, J. concurring in the judgment) ("[D]efense counsel cannot, under the majority opinion, waive an error in a jury instruction unless defense counsel knows that the instruction is incorrect and submits it anyway.").

Similarly, in *United States v. Potter,* 895 F.2d 1231, 1238 n. 6 (9th Cir.1991), defense counsel, at sentencing, "agreed with the prosecutor and the court to proceed on the basis of the [PSR]." In *Potter,* as in this case, the PSR failed to include a judgment of conviction and further failed to identify the statute of conviction. *Id.,* 895 F.2d at 1238. On appeal, Potter argued that the district court's reliance on the PSR was error. Despite the defendant's complicity in permitting the district court to rely on the uncorroborated PSR, we nevertheless reviewed the district court's sentence for plain error.

▮ In the present case, Jimenez (like the defendant in *Potter*) not only failed to object to the district court's finding of a prior aggravated felony, but confirmed the accuracy of the PSR. Nevertheless, under *Potter* and *Perez,* this fact is not sufficient to waive the right to appeal. A district court's legal determinations are not immunized from appellate review simply because a defendant, present at a hearing where that determination is made, mistakenly agrees with the court.[3] There is no evidence that Jimenez knew of any requirement that the statute of conviction had to be cited in the PSR or that he considered objecting at the hearing, but "for some tactical or other reason rejected the idea." *Perez,* 116 F.3d at 845.

▮ Rather, an inadvertent forfeiture of his right to object occurred. Under these circumstances, we may review his claims for "plain error." Such review permits us to notice and correct a district court's deviation from a legal rule only if three conditions are met. First, there must be error. Second, the error must be plain. " 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. Third, the plain error must affect substantial rights (i.e. "it must have affected the outcome of the district court proceedings"). *Id.* Should all three conditions be met, we have discretion to reverse the district court if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at

---

**3.** It is worth noting, however, that factual determinations by the district court are subject to a different standard of review from legal conclusions. A factual finding by the district court is reviewed for clear error, and will be upheld absent "a definite and firm conviction" by the appellate court "that a mistake has been committed." *United States v. Palafox–Mazon,* 198 F.3d 1182, 1186 (9th Cir.2000). A defendant's affirmative confirmation of the factual accuracy of (as opposed to the legal conclusions in) the PSR would be sufficient to support a district court's factual determination under this deferential standard of review. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000) (district court did not err in relying on the uncontroverted facts found in the PSR).

736; *See also United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000) (applying four part "plain error" test).

We review Jimenez's sentence for plain error.

### III

According to the PSR, Jimenez was convicted in 1995 for "inflicting corporal injury on spouse." The PSR concluded that this conviction was an aggravated felony necessitating a sixteen point sentencing enhancement pursuant to U.S.S.G. 2L1.2(b)(1)(A).[4] The district court sentenced Jimenez to seventy months imprisonment based solely on the PSR's recommendation. Jimenez raises two arguments urging us to vacate his sentence. First, he contends that his 1995 conviction did not meet the statutory definition of an aggravated felony and was therefore improperly used to enhance his sentence. He further argues that basing his sentence on the uncorroborated information in the PSR was plain error requiring that we vacate the sentence.

### A.  *Aggravated Felony*

■ An aggravated felony, as used in the Sentencing Guidelines, is defined as a "crime of violence ... for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F). Appellant argues that his 1995 conviction for "inflicting corporal injury on spouse" was not an aggravated felony because he was not sentenced to the requisite term of one year in prison.[5]

Jimenez's original sentence for the disputed offense was probation with a 365 day jail condition. Jimenez violated his probation by failing to appear for a court hearing, his probation was revoked, and he was sentenced to serve two years in state prison. He served thirteen months of that sentence before being paroled into the custody of the INS and promptly deported. The issue in dispute, therefore, is whether the two year sentence (of which Jimenez served thirteen months) imposed after revocation of probation is a "term of imprisonment of at least one year" as defined in the statute.

Not surprisingly, Jimenez contends "that the only sentence that matters for the purpose of evaluating the conviction for aggravated felony purposes is the one originally imposed by the court." This contention, however, is incompatible with the plain language of the statute and unsupported by case law.

Jimenez does not, nor could he reasonably, dispute that inflicting corporal injury on his spouse involved the use of violence. His term of imprisonment for that offense was two years. *Alberto–Gonzalez v. INS*, 215 F.3d 906, 909 (9th Cir.2000) (term of imprisonment in definition of aggravated felony refers to "the actual sentence imposed by the judge"). The fact that this term of imprisonment was not imposed until after he violated his probation is not legally significant. So long as both statutory elements of an aggravated felony were met prior to his deportation and

---

**4.**  U.S.S.G. 2L1.2 Unlawfully Entering or Remaining in the United States

  (a) Base offense level:  8

  (b) Specific Offense Characteristics

  (1) If the defendant previously was deported after a criminal conviction or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows ... :

  (A) If the conviction was for an aggravated felony, increase by 16 levels

**5.**  Appellant does not dispute that "inflicting corporal injury on spouse" is a "crime of violence" in that it involves the "use, attempted use, or threatened use of physical force against ... another."  18 U.S.C. § 16.

reentry, the defendant is subject to the 16 point sentencing enhancement. *United States v. Guzman–Bera,* 216 F.3d 1019, 1021 (11th Cir.2000) (defendant's sentence became an aggravated felony after his probation was revoked and he was sentenced to eighteen months in prison). The district court, therefore, did not err in finding that Jimenez had committed a previous aggravated felony.

### B. *Reliance on the PSR*

The district court based its decision to enhance Jimenez's sentence by 16 points on the information contained in the PSR, which, in turn, based its recommendation on a finding that Jimenez's 1995 conviction for "inflict[ing] corporal injury on a spouse" was an aggravated felony. The PSR contained neither a reference to the statute of conviction nor a copy of the judgment for the offense. Instead, the PSR noted that the documents supporting this finding were "ordered but not received at the time of this writing."

#### 1. *Plain Error*

██ The statement in the PSR is insufficient to establish that the disputed conviction was a qualifying aggravated felony. *United States v. Potter,* 895 F.2d at 1238 (PSR that contains no reference to the statute of conviction is not "clearly reliable evidence" establishing a defendant's prior conviction); *United States v. Romero–Rendon,* 220 F.3d 1159, 1164 (9th Cir.2000) (PSR must specify the statute of conviction to satisfy government's burden of proving a sentencing enhancement). The district court erred in applying a 16 point enhancement to Jimenez sentence. This error was "plain" (meaning "clear" or "obvious," *Olano,* 507 U.S. at 734, 113 S.Ct. 1770) in that this rule is long-established in this circuit's precedents. *See Potter,* 895 F.2d at 1238.

#### 2. *Substantial Rights*

██ For this court to exercise its discretion and correct an error that was not objected to in the lower court proceeding, however, the error must also "affect substantial rights" (i.e. it must be prejudicial). The defendant bears the burden of showing that the forfeited error was prejudicial. *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. To satisfy the "substantial rights" requirement, Jimenez must show that the sixteen point enhancement resulted in an impermissible sentence.

Jimenez argues that there is no evidence in the record from which this court can accurately ascertain the statutory authority underlying the disputed conviction. Appellant contends that because this court is unable to determine whether the conviction statute was one which would qualify as an aggravated felony, it must vacate the district court's sentence.

A similar argument was made and rejected in *United States v. Potter,* 895 F.2d at 1238. The *Potter* court held that the district court erred in enhancing a defendant's sentence based solely on the recommendation contained in the PSR. *Potter,* nevertheless, affirmed the appealed sentence because it found that the error was not prejudicial. *Id.* In *Potter,* the court identified the section of the California Penal Code that most closely correlated with the description of the defendant's offense. *Id.* at 1237 (defendant's prior offense for "Rape by Force" most likely fell under Cal.Penal Code § 261(2) although no statute was cited in the PSR). The court then noted that the defendant did not dispute the description of his offense nor allege that he was convicted under a different statute. *Id.* at 1238. On this basis, the *Potter* court held that the sentence enhancement was not prejudicial. *Id.*

This is a similar case. The most likely statute of conviction is California Penal

Code § 273.5 ("Willful Infliction of Corporal Injury"). A person violates § 273.5 if he "willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition." Violation of § 273.5 is a felony punishable by "imprisonment in the state prison for two, three or four years, or in county jail for not more than one year or by a fine ... or both."

As in *Potter*, Appellant does not contend that "inflict corporal injury on spouse" is an "inaccurate description" of his offense. Nor does he present any viable statutory alternative to California Penal Code § 273.5. In fact, Jimenez's "substantial rights" argument relies exclusively on the government's failure to provide supporting documentation in the PSR. He attacks neither the validity nor the accuracy of the conviction.

As noted above, the conduct proscribed by this statute is classified as felony conduct. Appellant's undisputed sentence of two years in prison subsequent to his parole violation further qualifies this felony offense as an aggravated felony. Consequently, Jimenez has failed to satisfy his "burden of persuasion with respect to prejudice." *Olano*, 507 U.S. at 734, 113 S.Ct. 1770. "His counsel has not suggested that the use of the presentence investigation report prejudiced [him] in any way. Therefore, under the plain error doctrine we are not free to reverse his sentence." *Potter*, 895 F.2d at 1238.

The sentence imposed by the district court is AFFIRMED.