**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John William BAKER, Defendant—
Appellant.**

No. 01–10581.

D.C. No. CR–01–00084–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2002.[*]

Decided Sept. 3, 2002.

---

\* This panel unanimously finds this case suit-

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

John William Baker appeals the sentence imposed following his guilty plea to possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). He claims that the district court erred by finding that he is a "prohibited person" [1] within the meaning of U.S.S.G. § 2K2.1(a)(4)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

At sentencing, the district court adopted the findings and recommendations of the Presentence Investigation Report ("PIR"). The PIR noted that Baker was subject to a restraining order at the time he committed the instant offense, and concluded that he was a "prohibited person" subject to a base offense level of twenty under U.S.S.G. § 2K2.1(a)(4)(B).[2] Baker did not object to

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. A defendant is a "prohibited person" if there is a restraining order against him that:

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. . . .

18 U.S.C. § 922(g)(8).

2. Although Baker initially claimed that the district court determined that he was a "prohibited person" on the basis of his February 26, 2001 domestic battery conviction, see 18 U.S.C. § 922(g)(9), the Government convincingly argues that the PIR's incorporation of the restraining order in the "Offense Conduct" section demonstrates otherwise.

the PIR's application of § 2K2.1(a)(4)(B). In fact, Baker confirmed that, aside from an objection to the PIR's assessment of a criminal history point for a drug possession offense, there were no errors in the PIR's application of the Sentencing Guidelines.

Because Baker failed to object below to the district court's application of § 2K2.1(a)(4)(B), he has forfeited his right to appeal and is subject to this circuit's discretionary plain error review. *See United States v. Jimenez,* 258 F.3d 1120, 1124 (9th Cir.2001) (holding that, where a defendant failed to raise an objection before the district court, there was "an inadvertent forfeiture"; under such circumstances, the court of appeals "may review his claims for 'plain error' "); *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998) ("Alleged sentencing errors are reviewed for plain error where the defendant has failed to object before the district court and therefore forfeited his right to appeal."). Under this standard, Baker "must establish error that was clear or obvious and affected his substantial rights.... Even after that showing is made, [this court] will exercise discretion to correct an error only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Valencia Amezcua,* 278 F.3d 901, 908 (9th Cir.2002) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "Thus, more than plain error affecting substantive rights must exist for the court to reverse." *United States v. Olano,* 62 F.3d 1180, 1188 (9th Cir.1995) (on remand from, and citing, *Olano,* 507 U.S. at 736–37, 113 S.Ct. 1770).

**3.** The Government bears the burden of establishing that Baker is a "prohibited person" by a preponderance of the evidence. *See United*

Baker claims that the district court plainly erred because there was insufficient evidence[3] in the PIR to establish that the restraining order met the requirements of 18 U.S.C. § 922(g)(8)(A)-(C). *See supra* note 1. However, even assuming, *arguendo,* that Baker is correct, we decline to notice the forfeited error. Baker does not argue, on appeal, that the protective order does not meet the requirements of § 922(g)(8)(A)-(C). Instead, he argues that the Government did not provide sufficient evidence. However, the only reason the Government failed to do so is because Baker confirmed the accuracy of the PIR and did not contest the application of U.S.S.G. § 2K2.1(a)(4)(B). In fact, the Government specifically stated in its Guilty Plea Memorandum that it could prove beyond a reasonable doubt all of § 922(g)(8)(A)-(C)'s requirements. Under these circumstances, the district court's alleged error does not "seriously affect the fairness, integrity, or public reputation of judicial proceedings."

AFFIRMED.

*States v. Montano,* 250 F.3d 709, 713 (9th Cir.2001).