UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Humberto VARELA–MARQUEZ, aka Roberto Martinez–Rodriguez aka Jaime Garcia–Gonzalez aka Robert Martinez–Rodriguez aka Jose Humberto Varela, Defendant–Appellant.

No. 01–10360.

D.C. No. CR–00–01403–ACM.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Davis' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Jose Humberto Varela–Marquez appeals his 36–month sentence imposed following his guilty-plea conviction for unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Varela–Marquez contends that his presentence report (PSR) was insufficient proof that his 1984 burglary conviction was an aggravated felony for purposes of the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2000). We review for plain error because Varela–Marquez raised no objection below. *United States v. Jimenez,* 258 F.3d 1120, 1123–25 (9th Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1115, 151 L.Ed.2d 1009 (2002).

We previously stated that California's general burglary statute is broader than the generic definition of burglary. *United States v. Velasco–Medina,* No. 01–50064, 2002 WL 1832330, at *9 (9th Cir. Aug.12, 2002). The PSR failed to state Varela–Marquez's specific statute of conviction or cite to judicially noticeable documents. Furthermore, we cannot consider the specific underlying facts in the PSR to determine whether the crime was aggravated. *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.2002) (en banc)

(holding that PSR with only a recitation of the facts is insufficient evidence for purposes of determining whether a prior conviction is an aggravated felony because courts should not consider the underlying facts of the prior conviction).

Consequently, we remand for re-sentencing to allow the district court to review the existing record and any state court documents that may be obtained in order to determine whether Varela–Marquez's 1984 burglary conviction qualifies for the aggravated felony enhancement. *See United States v. Matthews,* 278 F.3d 880, 889–90 (9th Cir.) (en banc) (allowing the district court to permit the government to introduce omitted evidence on remand), *cert. denied,* —— U.S. ——, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002). *Cf. United States v. Rivera–Sanchez,* 247 F.3d 905, 908–09 (9th Cir.2001) (en banc) (stating that when a the statute is broader than the generic definition, the court should examine other documents or judicially noticeable facts that clearly establish the prior conviction is a predicate conviction for enhancement purposes).

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.