**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rafael MARTINEZ–DIAZ, Defendant—
Appellant.**

No. 02–10009.
D.C. No. CR–01–00605–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 24, 2003.

Before BRUNETTI and TASHIMA, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

The appellant Martinez–Diaz appeals his sentence after pleading guilty to a violation of 8 U.S.C. § 1326(a), illegal reentry after deportation. Martinez–Diaz claims that the court improperly granted his request to withdraw his prior plea without a "fair and just reason" for doing so; that the court impermissibly participated in plea negotiations in violation of Rule 11(e)(1); and that the government failed to show by clear and convincing evidence that the ap-

---

* Hon. David A. Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pellant had "an aggravated predeportation felony" warranting a twelve level increase in his sentence.

After an information was filed on November 21, 2000 charging Martinez–Diaz with illegal reentry, he entered into a plea agreement with the government and pleaded guilty. Martinez–Diaz later made a motion to withdraw his plea, which was granted. Martinez–Diaz now claims that the judge erred in granting him a withdrawal without a "fair and just reason." *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). However, the law in our circuit does not require a fair and just reason to withdraw from a plea agreement before the court has accepted the plea. *See United States v. Alvarez–Tautimez,* 160 F.3d 573, 576 (9th Cir.1998) (holding that prior to a plea being accepted by the court, the defendant is free to withdraw his plea for any reason). Because the district court found that it had not accepted Martinez–Diaz's plea prior to his request to withdraw, the court was not required to find a fair and just reason before granting Martinez–Diaz's motion to withdraw.

Rule 11(e)(1) reads: "The court shall not participate in any discussions between the parties concerning any such plea agreement." Fed.R.Crim.P. 11(e)(1). Even if the judge is well-intentioned, he absolutely cannot participate in plea discussions "regarding the sentence to be imposed prior to a plea of guilty *or* conviction *or* submission to him of a plea agreement." *United States v. Bruce,* 976 F.2d 552, 556 (9th Cir.1992)(Quoting *United States v. Werker,* 535 F.2d 198, 201 (2d Cir.1976)) (emphasis added). While a judge is prohibited from pressuring a defendant to take a plea, a judge is allowed to engage in colloquy to discover the parameters of the plea agreement and to ascertain if the defendant is competent to take the plea.

*United States v. Andrade–Larrios,* 39 F.3d 986, 989 (9th Cir.1994). On November 21, 2000, Martinez–Diaz pleaded guilty in front of the magistrate judge and his signed plea agreement with the government was filed with the court. On April 23, 2001, the district court heard Martinez–Diaz on his motion to withdraw guilty plea. Martinez–Diaz challenges the district court judge's discussions with him on April 23. At the time of Martinez–Diaz's motion hearing, his plea agreement had been submitted to the court and he had pleaded guilty. The district judge did not violate Rule 11(e)(1) because Martinez–Diaz already had the benefit of an agreement and the judge merely inquired into the parameters of that agreement.

Finally, Martinez–Diaz challenges the 12–point enhancement to his sentence based on an uncorroborated conviction reported in his presentence report under specific offense characteristics. Because Martinez–Diaz did not raise the issue below, his claim is reviewed for plain error. *See United States v. Jimenez,* 258 F.3d 1120 (9th Cir.2001). The district court should not rely on an uncorroborated statement in the presentence report to establish that a defendant had a qualifying enhancement felony. *Id.* at 1126. However, the defendant bears the burden of showing he suffered some prejudice from the error. *Id.* Martinez–Diaz did not challenge the accuracy of the convictions in the presentence report, one of which was likely a drug felony within the Sentencing Guidelines definition. Martinez–Diaz merely challenges the government's failure to provide certified copies of the convictions, which Martinez–Diaz himself possessed through discovery from the government. Therefore, Martinez–Diaz fails to prove that the plain error he suffered by the court's sole reliance on the presentence report, without supporting documentation

of his convictions, was prejudicial. The district court is affirmed.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.