**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santiago MUNOZ–MUNOZ,**
**Defendant–Appellant.**

**No. 02–30052.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2003.\*

Decided May 9, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: LAY,\*\* WALLACE, and TALLMAN, Circuit Judges.

## MEMORANDUM \*\*\*

Santiago Munoz–Munoz appeals his conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and criminal forfeiture, in violation of 21 U.S.C. § 853. He raises two issues on appeal. First, he argues that the district court improperly admitted evidence of his prior conviction for distribution of methamphetamine. We review this issue for abuse of discretion. *United States v. Howell,* 231 F.3d 615, 628 (9th Cir.2000).

A prior conviction is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed. R.Evid. 404(b). Evidence of the conviction can still be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. In the present case, Munoz–Munoz's prior methamphetamine conviction was relevant to establish his knowledge and absence of mistake for his current methamphetamine charges. The prior conviction helps to demonstrate that Munoz–Munoz knew how to manufacture methamphetamine and did not accidentally keep methamphetamine packaging materials in his home. The probative value of such evidence was not substantially outweighed by the danger of unfair prejudice, especially since the district court gave the jury a limiting instruction. The district

---

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court thus did not abuse its discretion in admitting the evidence.

 Munoz–Munoz next argues that the district court improperly assigned him a Base Offense Level of 34 under the United States Sentencing Guidelines. Since Munoz–Munoz's counsel did not object to the Presentence Report, we review this issue for plain error. *United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir.2001). The record in Munoz–Munoz's case establishes that he distributed at least 1.5 kilograms of methamphetamine. This places Munoz–Munoz in a Base Offense Level of 34. *See* U.S.S.G. § 2D1.1(a)(3). In addition, Munoz–Munoz did not challenge the 20–year statutory minimum sentence required under 21 U.S.C. § 841(b)(1)(A)(vii) based upon his prior 1998 drug conviction. There was no plain error in Munoz–Munoz's sentence.

Judgment AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.