**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Saul VALENZUELA–HERNANDEZ,**
**Defendant–Appellant.**

**No. 02–10349.**
**D.C. No. CR–01–01295–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS, and TASHIMA, Circuit
Judges.

MEMORANDUM**

Saul Valenzuela–Hernandez appeals his
guilty plea conviction and 57–month sen-
tence for illegal reentry of a deported
alien, in violation of 8 U.S.C. § 1326(a).
We have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we reverse and remand.

Valenzuela–Hernandez contends that the
pre-sentence report ("PSR") was insuffi-
cient proof that his 1996 burglary convic-
tion was a crime of violence for purposes
of a 16–level enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii). We review for plain
error because Valenzuela–Hernandez
raised no objection below. *United States
v. Jimenez,* 258 F.3d 1120, 1123–25 (9th
Cir.2001), *cert. denied,* 534 U.S. 1151, 122
S.Ct. 1115, 151 L.Ed.2d 1009(2002).

The PSR described Valenzuela–Hernan-
dez's 1996 offense as "burglary in the sec-
ond degree" but did not specify the statute
of conviction or cite to judicially noticeable
documents. Therefore, it was plain error
to rely on the PSR alone. *See Jimenez,*
258 F.3d at 1126; *United States v. Coro-
na–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.
2002) (en banc) (holding that PSR with
only a recitation of the facts is insufficient
evidence for purposes of determining
whether a prior conviction merits enhance-
ment).

Consequently, we remand for re-sen-
tencing to allow the district court to review
the existing record and any state court

---

* Because the panel unanimously finds this case
suitable for decision without oral argument,
appellant's request for oral argument is de-
nied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

documents that may be obtained in order to determine whether Valenzuela–Hernandez's prior conviction qualifies for the enhancement. *See United States v. Matthews,* 278 F.3d 880, 889–90 (9th Cir.) (en banc) (allowing the government to introduce omitted evidence on remand), *cert. denied,* 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002). *Cf. United States v. Rivera–Sanchez,* 247 F.3d 905, 908–09 (9th Cir.2001) (en banc) (stating that when the statute is broader than the generic definition, the court should examine other documents or judicially noticeable facts that clearly establish the prior conviction is a predicate conviction for enhancement purposes).

Valenzuela–Hernandez also contends that the district court erred by rejecting a proposed plea agreement and then telling him he had the right to withdraw his guilty plea only after imposing sentence. This contention lacks merit because after the district court rejected the plea agreement, Valenzuela–Hernandez conferred with his attorney and his attorney informed the court that Valenzuela–Hernandez wished to proceed to sentencing, understood he had a right to appeal, and counsel saw no legal reason why sentencing should not commence. Accordingly, any error is not reviewable on appeal. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc) (holding that if the defendant has both invited the error, and relinquished a known right, then the error is waived).

**CONVICTION AFFIRMED; SENTENCE REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.