**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shane Alan NAULT, Defendant–**
**Appellant.**

No. 03–30318.

D.C. No. CR–02–00110–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Bernie Hubley, Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Mark D. Meyer, Ugrin, Alexander, Zadick & Higgins, P.C., Great Falls, MT, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Shane Alan Nault appeals the sentence imposed by the district court following his guilty-plea to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Nault contends that the district court exceeded its jurisdiction in recommending that he be placed in the drug treatment program subject to the condition that his participation not serve as a basis for a reduction in his term of imprisonment. Because Nault failed to raise this issue to the district court, we review for plain error. *See United States v. Jimenez,* 258 F.3d 1120, 1124 (9th Cir.2001).

Even assuming the court committed a plain error, Nault fails to demonstrate his substantial rights were affected because he has not shown the court's recommendations circumvent the BOP's authority to place him in the program, or prevent the BOP from reducing his imprisonment term upon successful completion of the program. *Id.* at 1126 (recognizing that to satisfy the "substantial rights" requirement, a defendant has the burden to demonstrate that the error was prejudicial); *see also* 18 U.S.C. § 3621(e) (stating that the BOP has the discretion to make decisions involving the inmate drug treatment program).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.