**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jessie Junior FOWLKES, Defendant—Appellant.**

No. 04–50476.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 6, 2005.

Decided June 16, 2005.

Rodrigo A. Castro–Silva, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Appellant Jesse Junior Fowlkes ("Fowlkes") appeals special conditions of supervised release imposed on him by the district court as part of his sentence for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). We affirm.

Fowlkes contends that special condition number four violates his Fifth Amendment rights and is not reasonably related to his offense or personal characteristics. We construe condition four as allowing Fowlkes, in accordance with our recent decision in *United States v. Antelope*, 395 F.3d 1128 (9th Cir.2005), to retain his Fifth Amendment rights during any required polygraph testing. So construed, the condition poses no constitutional problems. We also hold that each of the treatment options potentially required by this condition is reasonably related to Fowlkes' conviction for receipt of child pornography and his admissions that he fantasizes about and writes stories about young girls being raped. If, in the course of treatment, it becomes apparent that inpatient treatment is not reasonably related to Fowlkes' rehabilitation or to the protection of the public, the district court has discretion to alter the condition at that time.

We review the other challenged conditions for plain error. *See United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir. 2001). The district court did not plainly err in granting the probation officer access to Fowlkes' mental health records, *see United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir.2001), prohibiting Fowlkes from possessing materials depicting "sexually explicit conduct," as defined by 18 U.S.C. § 2256(2), *see United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003), prohibiting him from loitering or residing within certain distances of places primarily used by persons under the age of 18, *see United States v. Bee*, 162 F.3d 1232, 1235–36 (9th Cir.1998), or limiting his contact with minors. *See id.* Finally, the district court did not plainly err in requir-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing Fowlkes to pay all or part of the costs of his treatment as directed by the Probation Officer. The court impliedly found that Fowlkes had the ability to pay and only delegated to the Probation Officer responsibility for determining the method and amount of payments. The defendant's analogy to *United States v. Gunning*, 339 F.3d 948 (9th Cir.2003), which interprets not 18 U.S.C. § 3672 but the Mandatory Victims Restitution Act, is inapposite.

The sentence imposed by the district court is AFFIRMED.

B. FLETCHER, concurring in part and dissenting in part.

I concur in the determination that condition four of the judgment must be read in light of our recent decision in *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), to allow Fowlkes to assert his Fifth Amendment rights during any polygraph questioning without fear of violating his probation. I also concur that under the plain error standard of review, that the other conditions imposed by the district court do not constitute plain error. However, I dissent from the majority's conclusion that all aspects of condition four were "reasonably related to" Fowlkes' offense or personal characteristics.

There is no evidence in the record to suggest that Fowlkes has ever acted on his fantasies. There is also no evidence in the record establishing that persons in general who view underage pornography have a propensity to act on related fantasies. Such a propensity or correlation may exist, but has not been established here. In such a case, the possibility of inpatient treatment, which I view as tantamount to incarceration, is not reasonably related to the nature of the offense or the personal characteristics of Fowlkes, who appears to

be a person who has fantasies but has never acted on them. I conclude that inpatient treatment in this case, without further proof of future tendencies, "involves a greater deprivation of liberty than is reasonably necessary for the purposes of [deterrence, protection of the public, and needed training, medical care, or correctional treatment]." *See United States v. Lomow*, 266 F.3d 1013, 1019 (9th Cir.2001) (citing 18 U.S.C. §§ 3583(d), 3553(a)).

Rather than leave the decision as to whether to commit Fowlkes to inpatient treatment to the discretion of the probation officer subject to objection by the defendant (presumably after he has already been committed and therefore suffered injury), the burden of establishing the necessity of commitment should be the probation officer's, but made to and approved by the court.

For this reason, I respectfully dissent from that portion of the majority decision leaving the decision as to the necessity of inpatient treatment solely to the discretion of the probation officer.