**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fermin NUNEZ, Defendant–Appellant.**

**No. 05–10443.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.    Fed. R. App. P. 34(a)(2).

Elizabeth R. Berenguer, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

John H. Messing, Esq., Messing Law Offices, PLC, Tucson, AZ, for Defendant-Appellant.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Defendant Fermin Nunez pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326 but refused to enter a plea agreement with the government, thus retaining his right to appeal. Despite Defendant's plea, the government refused to move for a decrease in Defendant's sentence under U.S.S.G. § 3E1.1(b). The district court sentenced Defendant to 51 months in prison, in part based on a finding that Defendant had a prior conviction for a crime of violence.

■ 1. Defendant argues that the government's decision not to file a § 3E1.1(b) motion despite Defendant's guilty plea was an abuse of prosecutorial discretion. "The government may not refuse to file a [§ 3E1.1(b)] motion on the basis of an unconstitutional motive or for reasons not rationally related to a legitimate government interest." *United States v. Espinoza–Cano*, 456 F.3d 1126, 1128 (9th Cir. 2006). Here, the government cited Defendant's refusal to enter a plea agreement as its reason for deciding not to file a § 3E1.1(b) motion. By not entering a plea agreement, Defendant retained his right to appeal and forced the government to allocate related resources. The right to appeal is statutory, not constitutional. *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir.2004), *cert. denied,* —— U.S. ——, 126 S.Ct. 472, 163 L.Ed.2d 359 (2005). The government's rational reliance on costs is a legitimate basis for deciding not to file a § 3E1.1(b) motion. *See Espinoza–Cano*, 456 F.3d at 1138 (noting that " '[t]he Government's decision not to move may [be] based ... simply on its rational assessment of the cost and benefit that would flow from moving' " (alterations in original) (quoting *Wade v. United States*, 504 U.S. 181, 187, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992))). Accordingly, the government's decision was not an abuse of prosecutorial discretion.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

2. Defendant argues that his counsel provided ineffective assistance by failing to object to the government's refusal to file a § 3E1.1(b) motion. As a general rule, this court does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Jeronimo,* 398 F.3d 1149, 1155 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 198, 163 L.Ed.2d 188 (2005). The circumstances of this case do not qualify for an exception. *See id.* at 1156.

■ 3. Defendant also challenges the district court's decision to apply a 16–level enhancement to his sentence based on a finding that he previously was convicted of a crime of violence. On plain error review, *United States v. Jimenez,* 258 F.3d 1120, 1123–24 (9th Cir.2001), we affirm. At sentencing, Defendant admitted to the prior conviction and to its categorization as an aggravated felony and a crime of violence. Additionally, he directly conceded that the 16–level enhancement applied by the district court was warranted. Defendant is bound by the factual admissions made by his counsel in a court hearing in his presence. *United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1219 (9th Cir.2005).

AFFIRMED.