**Ruben MAGDALENO–CRUZ, a.k.a. Ruben Magdaleno Cruz, a.k.a., Cruz Ruben Magdaleno, a.k.a. Crus Ruben Magdaleno, a.k.a. Ruben Magdaleno, a.k.a. Ruben Cruz, a.k.a. Ruben M. Cruz, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–74098.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2007 *.

Filed May 14, 2007.

Russell Jauregui, Elena Yampolsky, Carlos Vellanoweth, Esq., John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas Fatouros, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, GOULD and CALLAHAN, Circuit Judges.

MEMORANDUM **

This is a petition for review from an order by the Board of Immigration Appeals affirming the Immigration Judge's denial of cancellation of removal based on a finding that petitioner failed to establish he was a person of good moral character, as required under 8 U.S.C. § 1229b(b). We have reviewed the record and petitioners' filings in this court, including petitioner's response to this court's order to show cause.

In his response, petitioner addresses whether this court has jurisdiction over this petition. We agree that we have jurisdiction to review this case. Nevertheless, as stated in the order to show cause, this petition is appropriate for summary disposition under Ninth Circuit Rule 3–6(b) because petitioner failed to demonstrate that he had good moral character due to his two criminal convictions, for which he was confined to a penal institution for an aggregate period of more than one hundred and eighty days. *See* 8 U.S.C. § 1101(f)(7). Nothing in petitioner's response proves that the Board of Immigration Appeals abused its discretion.

Petitioner argues that his sentence should not count because it was imposed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

only after he violated the terms of his probation. A prior sentence imposed following a revocation of probation is part of the penalty for the original offense. *Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). It is insignificant for purposes of 8 U.S.C. § 1101(f)(7) that petitioner's sentence was imposed only after the revocation of his probation. *See United States v. Jimenez,* 258 F.3d 1120, 1125 (9th Cir.2001). Accordingly, we summarily deny this petition. *United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot.

**DENIED.**

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.