Ceasar Antaran **MONTOJO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–71617.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Nancy Ellen Miller, Esquire, Law Offices of Reeves & Associates, Pasadena, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Norah Ascoli Schwarz, Senior Litigation Counsel, Holly Smith, Esquire, Trial, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

## MEMORANDUM **

Ceasar Antaran Montojo, a native and citizen of the Philippines, petitions for review from the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905–909 (9th Cir.2004). We deny the petition for review.

We reject Antaran Montojo's contention that the two-year sentence he incurred cannot be attributed to his burglary offense for the purposes of 8 U.S.C. § 1101(a)(43)(G). *See United States v. Jimenez,* 258 F.3d 1120, 1125 (9th Cir. 2001) ("the fact that [the] term of imprisonment was not imposed until after [appellant] violated his probation is not legally significant").

Antaran Montojo urges us to apply reasoning from *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002) (en banc); however, *Corona–Sanchez* is inapplicable because it did not address sentences imposed after a probation violation. Accordingly, the petition for review is denied.

**PETITION FOR REVIEW DENIED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.