MEMORANDUM **
Carlos Penafiel-Falcon, a native and citizen of Peru, petitions for review of the *284 Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision finding him removable and denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, Husyev v. Mukasey, 528 F.3d 1172, 1177 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.
The government’s motion to strike the evidence filed with Penafiel-Falcon’s opening brief, labeled Appendix “A”, is granted. See 8 U.S.C. § 1252(b)(4)(A).
The agency properly concluded that under the modified categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), Penafiel-Falcon is removable and ineligible for cancellation of removal as an aggravated felon because his conviction under California Penal Code § 459/460(b) constitutes a burglary offense and he was sentenced to a term of imprisonment of at least one year for his crime. See 8 U.S.C. §§ 1101(a)(43)(G) & 1229b(a)(3); Ye v. INS, 214 F.3d 1128, 1132 (9th Cir.2000); United States v. Velasco-Medina, 305 F.3d 839 (9th Cir.2002).
The agency properly relied on the charging document and abstract of judgment to determine that Penafiel-Falcon pled guilty to a charge that meets the federal definition of burglary and was sentenced to 1 year and 4 months in prison. See United States v. Snellenberger, 548 F.3d 699, 701-702 (9th Cir.2008) (per cu-riam) (state clerk minute orders and documents of equal reliability may be relied upon to determine if a crime qualifies as a predicate offense); Ye, 214 F.3d at 1132 (defining burglary). The fact that Penaf-iel-Falcon’s term of imprisonment was not imposed until after he violated probation is not legally significant. See United States v. Jimenez, 258 F.3d 1120, 1125 (9th Cir.2001).
We lack jurisdiction to review Pe-nafiel-Falcon’s contention that his revocation of probation was improperly entered because he failed to exhaust this claim before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004). We need not reach Penafiel-Falcon’s argument regarding his 2003 grand theft conviction because the BIA did not rely on this conviction in its order.
To the extent Penafiel-Falcon seeks to have his habeas petition reviewed as part of this petition for review, we lack jurisdiction to review a habeas petition in the first instance. See Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.