**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50256 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00324-BEN-1 |
| v. | |
| SATURNINO PINEDA-FLORES, AKA Carlos Plancarte-Flores, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted July 8, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Saturnino Pineda-Flores appeals the district court's sentence of thirty-six

months imprisonment followed by thirty-six months of supervised release, under 8

U.S.C. § 1326. Pineda-Flores argues that the district court committed plain error in

applying a twelve-level enhancement under U.S. Sentencing Guidelines (U.S.S.G.)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 2L1.2(b)(1) for a prior "drug trafficking offense." We vacate the sentence and remand for further proceedings consistent with this memorandum.

**1.** The government argues that the doctrines of waiver, invited error, and judicial admission bar this appeal. These arguments lack merit. At sentencing, Pineda-Flores failed to object to the enhancement and submitted a document that applied the enhancement in a similar fashion as the presentence report ("PSR") had recommended. The record, however, fails to demonstrate what analytical route Pineda-Flores's counsel took to determine that the prior state conviction could trigger the enhancement. We cannot conclude that Pineda-Flores made a tactical decision not to object. *See United States v. Jimenez*, 258 F.3d 1120, 1123–24 (9th Cir. 2001) ("A district court's legal determinations are not immunized from appellate review simply because a defendant, present at a hearing where that determination is made, mistakenly agrees with the court." (footnote omitted)). Nor did Pineda-Flores make a judicial admission of fact. *Cf. Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Thus, we exercise our discretion to review for plain error. *See United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012).

**2.** The district court clearly erred to the extent that it based its sentence on the PSR's characterization of Pineda-Flores's prior conviction without undertaking

the three-step analysis set out in *Taylor v. United States*, 495 U.S. 575 (1990), and its progeny. *See Castillo-Marin*, 684 F.3d at 920–21; *Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013). A conviction under California Health and Safety Code section 11379(a) does not qualify categorically as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1). *See United States v. Navidad–Marcos*, 367 F.3d 903, 907–08 (9th Cir. 2004), *overruled on other grounds by United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam). The district court did not explain how it nonetheless arrived at its conclusion that Pineda-Flores's prior conviction qualified as a drug trafficking offense, so that his base offense level should be "increased by 12 levels under 2L1.2(b)(1), . . . ."

The district court may have relied on the PSR's factual description of the prior offense. If so, it clearly erred. That factual description did not indicate whether Pineda-Flores had been convicted of the elements of a drug trafficking offense. *See Castillo-Marin*, 684 F.3d at 919–20. "[A] sentencing court may not turn to the PSR for a narrative description of the underlying facts of the prior conviction." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 432–433 (9th Cir. 2011). Pineda-Flores's PSR referred to the facts and the charged counts underlying a prior conviction, but neither facts nor charges prove of what a defendant was *convicted*. In *Gonzalez-Aparicio*, by contrast, the PSR "did more

3

than provide a mere factual narrative. It instead evidently quoted from state court documentation [describing the elements to which a defendant had pleaded guilty]." *Id.* at 433. Here, the PSR did not "evidently quote[] from state court documentation," *id.* And, while the PSR referenced, in general, "court documents," it did not link those documents to the ultimate elements of conviction.

Thus, the rule that "a sentencing court may not turn to the PSR for a narrative description of the underlying facts of the prior conviction," *id.* at 432–33, applies here. "[T]o the extent the district court relied on the PSR's factual description of [the] prior offense . . . , it plainly erred," *Castillo-Marin*, 684 F.3d at 920 (footnotes omitted). To the extent the court did not, it had no basis for its conclusion that the conviction qualified as a drug trafficking offense, as the crime in question did not qualify categorically as such an offense.

**3.** The district court's clear error affected Pineda-Flores's substantial rights and seriously affected the fairness of the sentencing proceeding. *See id.* at 922; *United States v. Vargem*, 747 F.3d 724, 729 (9th Cir. 2014). The statute of Pineda-Flores's prior conviction is overbroad under the categorical approach. And the district court did not determine whether the statute was divisible regarding the conduct it proscribed, e.g., transporting drugs for personal use as opposed to selling drugs. *See Descamps*, 133 S. Ct. at 2285. Even assuming divisibility, an

4

issue we do not decide, the record as it stands does not support application of the modified categorical approach. Thus, the district court committed plain error that affected Pineda-Flores's substantial rights and the fairness of the proceeding. *See Castillo-Marin*, 684 F.3d at 922–23, 927. We vacate the sentence, and remand for further proceedings consistent with this disposition.[1]

**4.** In light of the above disposition, we decline to take judicial notice of the documents the government presents for the first time on appeal. If warranted, the government may present these documents to the district court on remand. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc).

**SENTENCE VACATED AND REMANDED.**

---

[1] Because we vacate the sentence and remand on this ground, we need not address Pineda-Flores's arguments that his sentence was procedurally and substantively unreasonable. *See id.* at 927 n. 13.