# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

URBANO CASTILLO-MARIN,
*Defendant-Appellant.*

No. 10-10549

D.C. No.
2:10-CR-94-
JCM-PAL

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 30, 2011*
San Francisco, California

Filed July 3, 2012

Before: Raymond C. Fisher and Johnnie B. Rawlinson,
Circuit Judges, and Robert J. Timlin, District Judge.**

Opinion by Judge Timlin;
Concurrence by Judge Rawlinson

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

## COUNSEL

Rene L. Valladares, Acting Federal Public Defender; Brenda Weksler, Assistant Federal Public Defender, Las Vegas, Nevada, for the appellant.

Daniel G. Bogden, United States Attorney; Robert Ellman, Appellate Chief; Adam M. Flake, Assistant United States Attorney, Las Vegas, Nevada, for the appellee.

## OPINION

TIMLIN, District Judge:

Defendant Urbano Castillo-Marin ("Castillo-Marin") appeals the sentence imposed following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. In particular, Castillo-Marin challenges the district court's application of U.S. Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii), which imposes a 16-level enhancement where a defendant has previously committed a crime of violence. He contends that the district court commit-

ted plain error by relying solely on the PSR's characterization of his prior conviction. For the reasons set forth below, we vacate the sentence and remand for resentencing.

## I.  BACKGROUND

On February 5, 2010, Castillo-Marin, a citizen of Mexico, was arrested by officers of the Las Vegas Metropolitan Police Department for driving while intoxicated. Agents of the Immigration and Customs Enforcement subsequently arrested him, and on March 3, 2010, Castillo-Marin was indicted and charged with willfully being unlawfully in this country in violation of 8 U.S.C. § 1326(a) after being previously arrested and deported, removed, and/or excluded. He pled guilty to the one count indictment without a plea agreement.

A Presentence Investigation Report ("PSR") was prepared in anticipation of the sentencing hearing. The PSR calculated the base offense level at 8 pursuant to U.S.S.G. § 2L1.2(a), but recommended a 3-level reduction for acceptance of responsibility and a 16-level enhancement for his prior deportation after a felony conviction for a crime of violence according to Section 2L1.2(b)(1)(A). The PSR stated that the enhancement was based on Castillo-Marin's prior conviction for "Attempted Assault 2nd Degree (Felony, 120.10-110), Supreme Court of New York, Queens County, Case No. 98Q991614."[1]

It also provided the following narrative: "According to the charging document, the defendant stabbed a male with a knife five times (two in the chest, two to the shoulder area, and one to the left side). The victim remained in critical condition for five days." Based on this information, the PSR concluded: "This is a Crime of Violence as defined under 8 U.S.C.

---

[1]The parties agree that the PSR's reference to attempted assault in the second degree is an error and that Castillo-Marin was actually convicted of assault in the first degree.

§ 1101(a)(43)." Applying a criminal history category of III to the total offense level of 21, the U.S. Probation Office arrived at a Guideline sentencing range of 46 to 57 months imprisonment and recommended that the court sentence Castillo-Marin to 51 months.

The government requested a sentence of 46 months. The defense made no objection, either in writing or at the sentencing hearing itself, to the PSR's characterization of the prior conviction as a "crime of violence" for sentencing purposes. Rather, Castillo-Marin's counsel made other arguments pursuant to 18 U.S.C. § 3553(a) that Castillo-Marin's sentence should be reduced below the low end of the Guideline range, including his contention that the application of the 16-level enhancement produced a Guideline sentencing range "which overstates the seriousness of Mr. Castillo's unlawful re-entry offense and criminal record." He further argued that Castillo-Marin only had two removals and one felony which was a "few years old" and requested a sentence below the Guideline range at 37 months.

The district court stated at sentencing that he was "taking [the government's] recommendation" and sentenced Castillo-Marin to 46 months imprisonment, a sentence which factored in the 16-level enhancement for a crime of violence. This timely appeal followed.

## II.  STANDARD OF REVIEW

Under the plain error standard of review, the appellant must show that the district court made (1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings. *See United States v. Johnson*, 626 F.3d 1085, 1088 (9th Cir. 2010). For an error to have affected substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of

the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).**²**

## III.   DISCUSSION

To determine whether a conviction qualifies as a crime of violence under U.S.S.G. § 2L1.2, courts apply the approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990). Under that approach, courts first consider whether a prior offense "is categorically a crime of violence by assessing whether the full range of conduct covered by [the statute] falls within the meaning of that term." *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (internal quotation marks omitted) (alteration in original). If the statute of conviction is overbroad — that is, if it punishes some conduct that qualifies as a crime of violence and some conduct that does not — it does not categorically constitute a crime of violence. *See id.* In that case, courts apply the "modified categorical approach" to determine whether the record of conviction shows that the defendant "was convicted of the elements of the generically defined crime." *Id.* (quoting *United States v. Vidal*, 504 F.3d 1072, 1077 (9th Cir. 2007) (en banc)). Under the modified categorical approach, courts may "rely[ ] only on documents that give [it] the 'certainty of a generic finding,' including 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' " *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 937 (9th Cir. 2011) (en banc) (citations omitted) (quoting *Shepard v. United States*, 544 U.S. 13, 16, 23 n.4 (2005)).

---

**²**We need not decide whether to exercise our "discretion to refrain from applying the default plain error standard of review" and instead review de novo. *United States v. Gonzalez-Aparacio*, 663 F.3d 419, 426 (9th Cir. 2011). Castillo-Marin concedes that the plain error standard applies. Furthermore, reversal is warranted here whether we review for plain error or de novo. *Cf. United States v. Pimentel-Flores*, 339 F.3d 959, 967 n.10 (9th Cir. 2003).

**A.**

In his opening brief, Castillo-Marin argued that reversal is warranted because the district court's reliance on the presentencing investigation report's (PSR) characterization of Castillo-Marin's prior offense as a "crime of violence" satisfied the four prongs of the plain error standard. In its answering brief, the government did not contest that the first two prongs are satisfied — i.e., that the district court committed an error that was clear or obvious — and, thus, concedes the argument. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (when the government does not make argument that "was available at the time it filed its answering brief . . . [it] has waived that argument"); *see also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**[1]** Even if the government had argued that the district court did not commit obvious error by relying on the PSR's factual description and characterization of Castillo-Marin's prior offense, we would disagree. Our precedent is clear that a district court may not rely on a PSR's factual description of a prior offense to determine whether the defendant was convicted of a crime of violence, notwithstanding the defendant's failure to object to the PSR. *See, e.g*, *United States v. Corona-Sanchez*, 291 F.3d 1201, 1212, 1214 (9th Cir. 2002) (en banc) ("A presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition," even though the defendant "did not object to the PSR's recitation.") (citing *United States v. Franklin*, 235 F.3d 1165, 1172 (9th Cir. 2000); *United States v. Potter*, 895 F.2d 1231, 1237-38 (9th Cir. 1990)); *Gonzales-Aparicio*, 663 F.3d at 432-33 (observing that "a sentencing court may not turn to the PSR for a narrative description of the underlying facts of the prior conviction," notwithstanding that the defense made no objec-

tions to the PSR); *see also United States v. Chavaria-Angel*, 323 F.3d 1172, 1176 (9th Cir. 2003) (observing that "in this circuit, district courts may not rely exclusively on . . . the pre-sentence report as evidence of a prior conviction"). Indeed, we have held on multiple occasions that a district court commits plain error when it "relie[s] solely on the facts recited in the PSR." *United States v. Rendon-Duarte*, 490 F.3d 1142, 1146 (9th Cir. 2007); *United States v. Pimentel Flores*, 339 F.3d 959, 968 (9th Cir. 2003). Thus, to the extent the district court relied on the PSR's factual description of Castillo-Marin's prior offense to determine that Castillo-Marin had been convicted of a crime of violence, it plainly erred.[3,4]

[2] The district court also committed plain error to the

---

[3]This is not a case in which the district court's reliance on the PSR might be excused because the PSR's narrative was based on another acceptable source. *Cf. Gonzalez-Aparicio*, 663 F.3d at 433 (holding that it was not plain error for the district court to rely on the PSR's narrative that was based on court records that are acceptable under *Shepard*). Here, the PSR's description, by its own terms was based only on the charging document for Castillo-Marin's conviction. It is well established that "[c]harging papers alone are never sufficient" to determine the character of a defendant's prior conviction. *Corona-Sanchez*, 291 F.3d at 1211.

[4]Many of our sister circuits have also found that the district court commits reversible error when it relies on a PSR's factual description of a prior defense, notwithstanding the defendant's failure to object to the PSR. *See, e.g.*, *United States v. Davila-Felix*, 667 F.3d 47, 57 (1st Cir. 2011) (holding that the district court erred by relying on "the facts as recounted in the presentence investigation report" despite the fact that the defendant "should have — but did not — object to the analysis in the presentence report"); *United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012) (holding that "it was plain error for the district court to use the PSR's recitation of the facts . . . without having first satisfied itself that the PSR bore " 'the earmarks of derivation from *Shepard*-approved sources.' "); *United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010) ("When a court . . . relies on the PSR alone, it makes an error that is clear and obvious."); *United States v. Thomas*, 630 F.3d 1055 (8th Cir. 2011) (holding that it was procedural error for the district court to "base[ ] its ruling that [the defendant's] escape conviction was a crime of violence on the undisputed factual allegations in the PSR").

extent that it based its sentence on the probation officer's characterization of Castillo-Marin's prior offense as a crime of violence. Such reliance on the PSR amounts to plain error for two independent reasons. First, we have recognized that a district court may not base a sentence enhancement on the PSR's characterization of a prior offense as a qualifying offense. In *United States v. Matthews*, 278 F.3d 880 (9th Cir. 2002) (en banc), a district court adopted the PSR's recommendation that the defendant be sentenced as an Armed Career Criminal based on his prior burglary conviction. *See* 278 F.3d at 883. Reviewing de novo, we held that "the district court erred in sentencing [the defendant] as an Armed Career Criminal because it failed to analyze the statutes under which [the defendant] was previously convicted to determine whether they satisfied the elements of a 'generic burglary' under *Taylor*." *Id.* at 884; *see also id.* at 885 ("The district court did not . . . analyze the statutes of conviction to determine whether the *Taylor* standard was in fact met, as *Taylor* directs the court to do." (citing *Taylor*, 495 U.S. at 602)).

In *Pimentel-Flores*, we applied *Matthews* under plain error review. There, the PSR stated that the defendant "had a prior conviction for 'assault in violation of a court order, a felony, in Franklin County Superior Court, Pasco Washington, Case No. 98-1-50371-1' " and concluded that the defendant's conviction qualified as a crime of violence. 339 F.3d at 961. Relying solely on the PSR's characterization of the offense, the district court enhanced the defendant's sentence. *See id.* at 961. Applying the plain error standard, we vacated the sentence and remanded. We observed first that the government had not satisfied its burden under *Taylor* because it had not provided the statute of the defendant's prior conviction. *Id.* at 968. Second, we explained:

> We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job.

Relying solely on the factual description in the PSR, however, was plain error.

*Id.* at 968; *see also Potter*, 895 F.2d at 1238 (insisting that the sentencing court examine the statutes under which the defendant was convicted for purposes of determining what counts as a qualifying felony).

Here, as in *Matthews* and *Pimentel-Flores*, the district court based its sentencing on the PSR's characterization of Castillo-Marin's prior offense as a crime of violence. By doing so, it plainly erred.[5]

The second, independent reason that the district court's

---

[5]One fact that distinguishes this case from *Matthews* and *Pimentel-Flores* is that, here, the PSR contains a reference to the statute of Castillo-Marin's prior conviction. The PSR listed as the defendant's conviction: "Attempted Assault 2nd Degree (Felony, 120.10-110)." Even assuming the district court understood "Felony, 120.10-110" to be a reference to New York Penal Law § 120.10, it is undisputed that the district court never analyzed the statutory provision under *Taylor* and, instead, simply took the PSR's characterization at face value.

In *United States v. Garza-Lopez*, 410 F.3d 269 (5th Cir. 2005), the Fifth Circuit held that there was plain error in virtually identical circumstances. There, the PSR recommended an enhancement on the basis that the defendant had committed a prior "drug trafficking offense." *Id.* at 271. "The PSR stated that the basis for [the defendant's] enhancement was [his] 2001 conviction under Cal. Health & Safety Code § 11379(a)" and provided a factual narrative of the defendant's offense. *Id.* at 271, 273. The defendant did not object to the PSR's characterization of his offense, and the district court applied a sixteen-point enhancement on that basis. *See id.* at 271. The Fifth Circuit vacated the sentence, holding that the district court committed plain error. *See id.* at 274-75; *see also United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010) (When "[i]t is uncontested that the district court relied solely on [a] PSR . . . the district court plainly erred."); *United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006) (per curiam) (holding that the district court commits clear and obvious error when it relies on the PSR's characterization of the defendant's prior offense as a crime of violence, without an independent determination of whether the conviction was in fact a crime of violence).

reliance on the PSR's characterization was plain error is that the PSR itself applied the wrong definition of "crime of violence." The PSR recommended that the district court enhance Castillo-Marin's sentence under U.S.S.G. § 2L1.2(b)(1)(A) on the basis that Castillo-Marin's prior conviction was "a Crime of Violence as defined under 8 U.S.C. § 1101(a)(43)." Section 1101(a)(43), a section of the Aliens and Nationality code, defines the term "aggravated felony" for purposes of determining what is a deportable offense, and to fix criminal penalties for reentry after commission of an "aggravated felony."

Section 1101(a)(43) lists "crime of violence" as one offense that qualifies as an aggravated felony. *See* § 1101(a)(43)(F) ("a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year"). We have repeatedly recognized, however, "that § 1101(a)(43)'s definition of 'crime of violence' is materially different from the definition of 'crime of violence' in § 2L1.2(b)(1)(A)(ii)." *United States v. Rodriguez-Guzman*, 506 F.3d 738, 741-42 (9th Cir. 2007); *see also Pimentel-Flores*, 339 F.3d at 963-64 ("Although the phrase 'crime of violence' appears in both [§ 1101(a)(43)(F)] and [U.S.S.G. § 2L1.2], the . . . guideline takes care to include its own definition. Significantly, the guideline definition is different from the statutory definition of that phrase. Each definition works well within its respective regime."). Indeed, if Castillo-Marin had previously been convicted of a crime of violence under § 1101(a)(43)(F), as the PSR states, he would be subject to only an eight-level enhancement under § 2L1.2(b)(1)(C), not the 16-point enhancement that the district court imposed. *See* U.S.S.G. § 2L1.2(b)(1)(C) & cmt. 3 (imposing an eight-level enhancement for an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)).

**[3]** A district court commits an obvious error when it "uses an incorrect guideline to impose the 16 level enhancement" in § 2L1.2(b)(1)(A). *United States v. Benitez-Perez*, 367 F.3d 1200, 1205 (9th Cir. 2004) (holding that "there was error and

the error was clear" when the district court incorrectly imposed a 16-level enhancement under § 2L1.2(b)(1)(A) on the basis that the defendant has committed an aggravated felony under 8 U.S.C. § 1101(a)(43)).[6]

## B.

**[4]** Having found that the district court committed clear and obvious error, we must consider whether the error affected Castillo-Marin's substantial rights and "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Johnson*, 626 F.3d at 1088. We conclude that both factors are met.

Castillo-Marin argued in his opening brief that, had the district court properly analyzed the statute of his prior conviction under *Taylor*, it would have found that the statute was overbroad and, thus, he was not necessarily convicted of a crime of violence. The government, again, did not contest this argument and, thus, apparently concedes it. In any event, we agree with Castillo-Marin that his prior conviction is not categorically a crime of violence.

Pursuant to *Taylor*'s categorical approach, courts cannot examine the underlying facts of the prior offense, but may "look only to the fact of conviction and the statutory defini-

---

[6]Our concurring colleague would hold that there was no plain error here because, in calculating Castillo-Marin's total offense level, the PSR stated, "**Specific Offense Characteristic:** The defendant was deported after a felony conviction for a crime of violence. Sixteen-levels are added pursuant to U.S.S.G. § 2L1.2(b)(1)(A)." Concurring Op. at 7820. We disagree. To be sure, there is no question that the PSR recommended a sixteen-point enhancement under § 2L1.2(b)(1)(A). The issue, however, is whether the PSR applied the correct definition of crime of violence — found in § 2L1.2, Application Note 1(B)(iii) — to determine that the enhancement was warranted. The PSR explicitly states its conclusion that Castillo-Marin's prior offense "is a Crime of Violence as defined under 8 U.S.C. § 1101(a)(43)." Thus, we have no trouble concluding that the PSR applied the wrong definition.

tion of the prior offense." *Taylor*, 495 U.S. at 602; *Aguila-Montes de Oca*, 655 F.3d at 920. The conviction qualifies "if and only if the full range of conduct covered by [the statute] falls within the meaning of that term." *United States v. Juvenile Female*, 566 F.3d 943, 946 (9th Cir. 2009). "[E]ven the least egregious conduct the statute covers must qualify." *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006) (citation omitted).

The PSR states that Castillo-Marin was convicted under New York Penal Law § 120.10. At the time of Castillo-Marin's prior conviction, Section 120.10 provided:

A person is guilty of assault in the first degree when:

1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or

2. With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or

3. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person; or

4. In the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants.

N.Y. Penal Law § 120.10 (1996).

**[5]** An offense qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) if it either (1) " 'has as an element the use, attempted use, or threatened use of physical force against the person of another' under the definition's . . . 'element' prong" or (2) "constitutes one of the crimes listed in the 'enumerated offense' prong of the definition." *Grajeda*, 581 F.3d at 1189-90 (quoting U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii) (2006)).[7] We address in turn whether a conviction under § 120.10 categorically qualifies as a crime of violence under the element prong or the enumerated offense prong of the Section 2L1.2 definition.

## 1. Element prong

**[6]** "We have made clear that the force required under the element prong of the § 2L1.2 crime of violence definition 'must actually be violent in nature.' " *United States v. Espinoza-Morales*, 621 F.3d 1141, 1147 (9th Cir. 2010). In addition to requiring a certain degree of force, "a predicate offense must [also] require intentional use, attempted use, or threatened use of force to constitute a crime of violence under § 2L1.2; neither recklessness nor negligence is enough." *United States v. Mechor-Meceno*, 620 F.3d 1180, 1184 (9th Cir. 2010).

---

[7]The current definition provides in full:

"Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii).

**[7]** New York Penal Law § 120.10 is overbroad because it does not prohibit only conduct that involves an intent to injure. In particular, a defendant can be convicted under subsections (3) or (4) of § 120.10 without having an intent to injure. A defendant can be convicted of first degree assault under subsection (3) if serious physical injury occurs while he "recklessly engages in conduct which creates a grave risk of death to another person," whether or not he has an intent to injure. N.Y. Penal Law § 120.10(3).

**[8]** Furthermore, a defendant can be convicted under subsection (4) if serious physical injury occurs "[i]n the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom." *Id.* § 120.10(4). As the Second Circuit has observed, subsection (4) "replaces the intent to injure requirement traditionally associated with the crime of assault with the intent to commit the underlying felony." *Langston v. Smith*, 630 F.3d 310, 315 (2d Cir. 2001).[8] Thus, a defendant can also be convicted of first degree assault under subsection (4) without having an intent to injure. As a result, a conviction under § 120.10 does not qualify as a crime of violence under the element prong of § 2L1.2.[9]

---

[8]In determining the categorical reach of a state crime, this court "considers not only the language of the state statute, but also the interpretation of the language in judicial opinions." *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006).

[9]That Castillo-Marin was convicted of *attempted* first-degree assault does not change the outcome. To be sure, New York law generally requires that the defendant act with a specific intent to commit the completed crime to be convicted of attempt. *See People v. Campbell*, 532 N.E.2d 86, 88 (1988) ("Because the very essence of a criminal attempt is the defendant's intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended"). New York, however, permits defendants to plead guilty to legally impossible crimes, including attempted reckless first-degree assault. *See People v. Guishard*, 789 N.Y.S.2d 332, 333 (N.Y. App. Div. 2005) (affirming plea conviction

## 2. Enumerated Offense Prong

[9] An offense may also qualify as a crime of violence if it falls within the list of offenses enumerated in U.S.S.G. § 2L1.2. *See Grajeda*, 581 F.3d at 1189-90 (citing U.S.S.G. § 2L1.2 Application Note 1(B)(iii)). To determine whether the defendant's conviction falls within one of the enumerated offenses, we compare the statutory definition of the crime of conviction with the generic definition of the enumerated offense. *See United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005). Here, the closest enumerated offense is "aggravated assault," and, thus, we consider whether Castillo-Marin's conviction fits within the generic definition of that crime.[10]

to attempted assault in the first degree although the crime was a "legal impossibility"); *see also Dale v. Holder*, 610 F.3d 294, 302 (5th Cir. 2010) (observing that a defendant could plead guilty to attempted first-degree assault under § 120.10(3) or (4) because "[a]lthough New York law recognizes attempt liability only for crimes that involve a mens rea of specific intent — as opposed to crimes of recklessness and crimes with no mens rea element such as felony assault — New York courts permit convictions by plea to hypothetical or legally impossible offenses such as attempted recklessness."). This aspect of New York law distinguishes the present case from *United States v. Gomez-Hernandez*, 2012 WL 1948889, at *4-5& n.4 (9th Cir. 2012) (holding that the defendant's conviction for attempted aggravated assault qualified as a crime of violence because, under Arizona law, it is not possible to be convicted of attempt without specific intent).

The PSR, which is the only document in the record discussing Castillo-Marin's attempted assault conviction, does not specify whether Castillo-Marin was convicted by jury or by plea and, thus, he may have pled guilty to merely reckless conduct. In fact, the certificate of disposition, which the government urges us to judicially notice on appeal, states that Castillo-Marin *was* convicted by plea.

[10]The Guidelines make clear that "[p]rior convictions of offenses counted under [Section 2L1.2] (b)(1) include offenses or . . . attempting to commit such offenses." U.S.S.G. § 2L1.2 cmt. n. 5. Thus, if first-degree assault under § 120.10 is an "aggravated assault," then Castillo-Marin's attempted first-degree assault conviction is a crime of violence.

**[10]** In *United States v. Esparza-Herrera*, 557 F.3d 1019 (9th Cir. 2009), we held, based on an analysis of state laws and the Model Penal Code, that the generic definition of "aggravated assault" requires a mens rea greater than ordinary recklessness. *Id.* at 1023-25. As described above, a defendant may be convicted of first-degree assault under § 120.10(4) for ordinary recklessness. Castillo-Marin's conviction, thus, does not constitute "aggravated assault."

**[11]** Because neither the element prong nor enumerated offense prong is satisfied, Castillo-Marin's conviction under § 120.10 is not categorically a crime of violence.[11]

## C.

The government, apparently recognizing that § 120.10 is not categorically a crime of violence, urges us to take judicial notice of a New York criminal indictment and certificate of disposition related to Castillo-Marin's prior conviction, and to apply the modified categorical approach — in the first instance — to conclude that Castillo-Marin was in fact convicted of a crime of violence. We decline to do so.

"First, we rarely take judicial notice of facts presented for the first time on appeal." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011). "Second, we take judicial notice of a fact only if it is 'not subject to reasonable dispute.' " *Id.* (citing Fed. R. Evid. 201(b)).

Here, the certificate of disposition states: "DEFENDANT WAS CONVICTED OF . . . PL 110-120.10 01 CF." According to the government, the reference to "01" establishes that

---

[11]We need not consider whether Castillo-Marin's conviction would qualify as a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines "crime of violence" by reference to 8 U.S.C. § 16. As we discuss above, that definition of crime of violence differs from U.S.S.G. § 2L1.2's definition. *See Rodriguez-Guzman*, 506 F.3d at 741-42.

Castillo-Marin was convicted under subsection (1) of New York Penal Law § 120.10, which both parties agree would qualify as a crime of violence. Castillo-Marin concedes that the "01" notation on the certificate is a reference to subsection (1) of § 120.10. He argues, however, that the accuracy of the certificate — i.e., whether it reflects that he was actually convicted under subsection (1) — is subject to reasonable dispute. We agree.

The Second Circuit recognized the unreliability of certificates of disposition, at least with respect to subsection notations, in *United States v. Michael Green*, 480 F.3d 627, 630 (2d Cir. 2007). There, the government relied on a New York State certificate of disposition to argue that the defendant had previously been convicted of a predicate offense. The certificate stated: "DEFENDANT WAS CONVICTED OF . . . PL 110-220.16 01 CF." *Id.* The government argued that the "01" notation established that the defendant was convicted under subsection (1) of New York Penal Law § 220.16 and the district court imposed a sentence enhancement on that basis. *See id.* at 631.

On appeal, it was uncontested that, if the defendant in fact had been convicted under § 220.16(1), the enhancement was appropriate. *See id.* The defendant argued, however, that the district court should not have taken the certificate of disposition at face value because it was unreliable. *See id.* at 631. The Second Circuit agreed. It explained that "[w]hile a certificate of disposition constitutes '*presumptive* evidence of the facts stated in such certificate,' the presumption is rebuttable; the certificate is not conclusive." *Id.* at 633 (emphasis in original) (quoting N.Y. Crim. Proc. Law § 60.60(1)). The court observed that the accuracy of certificates of disposition has been called into question by New York state courts. *See id.* at 633-34 (citing *People v. Jamal Green*, No. 311/98, 2006 WL 3457236 (N.Y. Sup. Ct. Nov. 29, 2006)).

In *Jamal Green*, the central issue was whether the certificate of disposition accurately stated the subsection under

which the defendant was convicted. The defendant argued that he was convicted under subsection (1) of New York Penal Law § 265.02 based on the notation in his certificate of disposition. *Id.* at 634. At the defendant's sentencing hearing, "the state called as a witness the person responsible for data entry in the Clerk's Office of the Supreme Court for Queens County." *Id.* The Supreme Court of New York explained:

> Court Clerk Prinz offered an explanation as to the reason why defendant obtained a Certificate of Disposition specifying subsection one. Ms. Prinz testified that prior to the 1990's, voted indictments such as the one in this case, did not, as a rule, provide a subsection. Therefore, when indictments were filed, data entry clerks were unable to enter subsections into computer files. If a defendant pled guilty or was convicted by a jury, the subsection was not entered in the computer records and as a result subsections were not indicated in a defendant's NYSID records. Ms. Prinz also testified that certificates of conviction are presently computer generated. As the current law requires that a subsection be assigned in the records of pertinent crimes, the computers have been programmed to indicate subsection one or "01" as the default subsection without regard to what the proper subsection should be.

> Thus, in this case, the witness testified that no subsection was ever entered into the computer at the time defendant pled guilty to Criminal Possession of a Weapon in the Third Degree on October 18, 1989. When defendant requested a certificate of disposition in June, 2005, the certificate of disposition automatically assigned subsection one, by default, without any person ever checking to determine if this was the correct subsection.

*Id.* (quoting *Jamal Green*, 2006 WL 3457236, at *4).

With this background, the Second Circuit, in *Michael Green*, concluded that the certificate's "reference to subsection (1) of § 220.16 . . . could not properly be taken at face value." *Id.* at 635. The court vacated the defendant's sentence and remanded to give the government an opportunity to prove that the certificate's reference to subsection (1) was accurate. *See id.*; *see also United States v. Neri-Hernandes*, 504 F.3d 587, 592 (5th Cir. 2007) (adopting the Second Circuit's reasoning in *Michael Green* to conclude that a certificate of disposition "is admissible" but "is not conclusive").

**[12]** In light of *Michael Green*, *Jamal Green*, and *Neri-Hernandes*, whether the New York certificate of disposition's notation "01" accurately reflects that Castillo-Marin was convicted under subsection (1) is "subject to reasonable dispute." *Reina-Rodriguez*, 645 F.3d at 1140 (citing Fed. R. Evid. 201(b)). Therefore, we decline to take judicial notice that Castillo-Marin was convicted under N.Y. Penal Law § 120.10(1).

**[13]** The government has also requested that we take judicial notice of the New York indictment charging Castillo-Marin with first-degree assault. However, "[c]harging papers alone are never sufficient" to establish a predicate offense under the modified categorical approach. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002). Without presenting additional documents authorized under *Shepard*, 544 U.S. 13, the government cannot satisfy its burden to establish "clearly and unequivocally" that Castillo-Marin's prior conviction qualifies as a crime of violence. *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004) (quoting *Corona-Sanchez*, 291 F.3d at 1203).[12] We thus reject the government's argument that Castillo-Marin's sentence can be

---

[12]The only other document in the record that relates to Casitllo-Marin's prior conviction is the PSR. As we explain above, however, the district court could not properly rely on the PSR here.

upheld by applying the modified categorical approach on appeal.

**[14]** Based on the 16-level enhancement for committing a prior crime of violence, the Guidelines recommended a range of 46-57 months and Castillo-Marin was sentenced to 46 months. Absent the enhancement, the Guidelines would have recommended a range of 0-6 months. The imposition of this substantially greater sentence clearly affected Castillo-Marin's substantial rights and the fairness of the judicial proceedings.[13]

## D.

**[15]** For the foregoing reasons, we hold that the district court plainly erred when it sentenced Castillo-Marin. On remand, the government will have the opportunity to submit judicially noticeable documents to demonstrate which subsection of § 120.10 Castillo-Marin was convicted under. If the government wishes to rely on the New York certificate of disposition, it should be required to introduce evidence establishing its accuracy.

**VACATED and REMANDED.**

---

RAWLINSON, Circuit Judge, concurring in the result:

The defense did not object at any time to the statement in the Presentence Report (PSR) that Urbano Castillo-Marin's prior conviction in New York State Court was for a crime of violence for sentencing purposes. Consequently, we review

---

[13]Castillo-Marin also contends on appeal that the district court imposed a procedurally and substantively unreasonable sentence in violation of 18 U.S.C. § 3553. Because we hold that the court plainly erred and remand for resentencing, we need not address this additional claim.

for plain error. *See United States v. Portillo-Mendoza*, 273 F.3d 1224, 1227 (9th Cir. 2001).

Plain error occurs when a judge commits error that is so obvious that a competent judge should be able to avoid it without any party bringing the matter to the judge's attention. *See United States v. Nguyen*, 565 F.3d 668, 681 (9th Cir. 2009). "Reversal on the basis of plain error is an exceptional remedy . . ." *United States v. Lo*, 447 F.3d 1212, 1228 (9th Cir. 2006). "If an error is not clear or obvious from the record, the defendant's failure to object is fatal. . . ." *United States v. Brigham*, 447 F.3d 665, 669 (9th Cir. 2006).

The facts of this case indisputably reflect that the PSR documented the commission of a prior crime of violence by Castillo-Marin. The facts of this case also indisputably reflect that Castillo-Marin in no way objected to the characterization of his prior conviction as a crime of violence.

I concur in the result of the opinion because, and only because, our precedent expressly holds that it is plain error for a district court to rely on a presentence report (PSR) when that report simply refers to the charging document. *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1211-12 (9th Cir. 2002) (en banc). I expressly decline to join the majority's broader application of our precedent to hold that "a district court may not rely on a PSR's factual description of a prior offense to determine whether the defendant was convicted of a crime of violence, notwithstanding the defendant's failure to object to the PSR." *Majority Opinion*, p. 7804. Indeed, one of the cases cited by the majority, *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 433 (9th Cir. 2011), approved reliance on the content of a PSR where the PSR quoted from court records. Consequently, if the PSR prepared for Castillo-Marin had followed suit, the district court would not have committed plain error in relying on the PSR. *See id.*[1]

---

[1]The cases cited by the majority to support its conclusion that the district court failed to adequately discuss the prior offense are readily distin-

I expressly and unequivocally decline to join the majority's alternative basis for reversing the district court—that the PSR cited to the wrong definition of "crime of violence." *Majority Opinion*, p. 7805. Although the line summarizing Castillo-Marin's criminal history referred to 8 U.S.C. § 1101(a)(43) in describing the New York conviction, the portion of the PSR addressing the sixteen-level enhancement under the heading "Specific Offense Characteristic" correctly cited U.S.S.G. § 2L1.2(b)(1)(A). Absent objection from the defendant, and under a plain error standard of review, we simply cannot determine that the writer of the PSR relied on the definition of crime of violence in 8 U.S.C. § 1101(a)(43) rather than the definition of crime of violence in U.S.S.G. § 2L1.2(b)(1)(A).

Accordingly, I concur in the remand to the district court, but go no further.

---

guishable. In *United States v. Matthews*, 278 F.3d 880 (9th Cir. 2001), the defendant specifically objected to use of his prior convictions. *See id.* at 885. In that circumstance, we held that it was error for the district court to fail to analyze the statutes of conviction.

In *United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003), we remanded for resentencing where, unlike this case, the PSR did not "list the statute of conviction."

Finally, in *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir. 1990), we affirmed under plain error review the district court's reliance on the presentence report describing the prior conviction as "Rape by Force," even though there was no citation to the statute of conviction.