FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10558 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01269-SRB-1 |
| v. | |
| WALTER ADILIO AJIATAS-MAZARIEGOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Gerald E. Rosen, District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and RESTANI, Judge.[**]

Walter Ajiatas-Mazariegos appeals the 42-month sentence he received after

pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). The district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

court rejected the plea agreement, which would have resulted in a sentence at the low end of the applicable sentencing guideline range, and the defendant chose not to withdraw his plea.

His principle argument on appeal is that the district court should not have applied an 8-level enhancement for his prior misdemeanor conviction for assault on a federal officer. *See* 18 U.S.C. § 111(a). He contends the conviction was not for a "crime of violence." 18 U.S.C. § 16(a). *United States v. Chapman*, 528 F.3d 1215, 1219–20 (9th Cir. 2008), however, holds that a violation of section 111(a) requires an assault, making it categorically a "crime of violence."

Appellant contends on appeal that *Chapman* was decided after his section 111(a) conviction and that therefore at the time of the conviction the law was unclear. He argues that as a result the government cannot rely on the categorical approach. When he objected to the enhancement in the district court, however, the government responded with an Addendum to the Presentence Report ("PSR") that described the facts contained in the underlying plea agreement to show that he engaged in a forcible assault that would support a "crime of violence" finding under the modified categorical approach.

While Appellant now contends that the government should have provided the actual underlying plea agreement pursuant to *Shepard v. United States*, 544

U.S. 13, 26 (2005), he made no objection in the district court either to the Addendum or to excerpts of the plea agreement cited therein. The district court's application of the enhancement was not plainly erroneous because it relied on the PSR's description of the plea agreement, a document that is acceptable for modified categorical approach analysis under *Shepard*. *See United States v. Castillo-Marin*, 684 F.3d 914, 920 n.3 (9th Cir. 2007)*; United States v. Gonzales-Apanicio*, 663 F.3d 419, 433 (9th Cir. 2011).

Appellant also contends the district court abused its discretion in rejecting the plea agreement and sentencing above the guideline range. The district court explained it was doing so because the PSR understated the Appellant's criminal history. There was no abuse of discretion because of Appellant's lengthy criminal history and substantial sentences. *See In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (en banc) (holding that a district court may reject a plea agreement when it "was not in the best interest of society given [the defendant's] criminal history"); *United States v. Connelly*, 156 F.3d 978 (9th Cir. 1998) ("serious" uncounted criminal conduct justifies departure from guideline range).

**AFFIRMED**.

3