**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50189 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05021-LAB-1 |
| v. | |
| JUAN RODRIGUEZ-FRIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Juan Rodriguez-Frias appeals the sentence imposed on him following his

guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We

affirm. Because the parties are familiar with the history of this case, we need not

recount it here.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

# I

The district court did not abuse its discretion by applying a four-level fast-track departure as a guide to calculate its 18 U.S.C. § 3553(a) variance. Because Rodriguez-Frias's claim is that the district court erred in its method of calculating the Sentencing Guideline range, we review his argument as a procedural challenge to sentencing. *See United States v. Fitch*, 659 F.3d 788, 796 (9th Cir. 2011). Because Rodriguez-Frias did not raise before the district court the specific challenge he now asserts on appeal, we review for plain error. *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 738-39 (9th Cir. 2009). Therefore, Rodriguez-Frias must establish that: "(1) there was error; (2) the error was plain; (3) the error affected substantial rights." *Id.* at 739 (citation omitted).

Rodriguez-Frias contends that the district court improperly considered the four-level fast-track departure when determining how much to vary the sentence under 18 U.S.C. § 3553. However, the court expressly noted that the fast-track departure was only a minor consideration, and a review of the transcript, when considered in its entirety, indicates that the district court's variance was primarily motivated by its concern with two authorized sentencing goals: protecting the public and promoting deterrence. The sentence was imposed in light of Rodriguez-Frias's long recidivist record, and the district court explicitly recognized the

parsimony principle in imposing the sentence. The district court did not abuse its

discretion, much less commit plain error, in the imposition of the sentence.

II

The district court did not commit plain error in imposing an 8-level "crime

of violence" enhancement. Rodriguez-Frias argues that a case decided after his

sentencing, *Descamps v. United States*, 133 S. Ct. 2276 (2013), bars imposition of

the 8-level enhancement. But Rodriguez-Frias did not challenge the enhancement

before the district court; in fact, he affirmatively requested it. Therefore, we deem

it appropriate to review the district court's imposition of the enhancement for plain

error. *See United States v. Castillo-Marin*, 684 F.3d 914, 918-19 (9th Cir. 2012).[1]

Our prior precedent forecloses Rodriguez-Frias's argument. We have

consistently held that residential burglary under California Penal Code § 459

involves a "substantial risk" of the use of force, thus satisfying the requirements of

18 U.S.C. § 16(b). *United States v. Ramos–Medina*, 706 F.3d 932, 937 (9th Cir.

---

[1] We acknowledge our discretion to review issues raised for the first time *de novo* on appeal when "(1) there are exceptional circumstances why the issue was not raised in the trial court; (2) new issues have become relevant while the appeal was pending because of change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001). However, we decline to exercise our discretion to do so in this case.

2012), *cert. denied*, 134 S. Ct. 64 (2013); *Kwong v. Holder*, 671 F.3d 872, 878 (9th Cir. 2011); *Lopez–Cardona v. Holder*, 662 F.3d 1110, 1112–14 (9th Cir. 2011); *United States v. Becker*, 919 F.2d 568, 571 (9th Cir. 1990).

Rodriguez-Frias argues, with some force, that *Descamps* overrules this line of authority. However, in the absence of an intervening Supreme Court or en banc decision or statutory change, a three-judge panel cannot reconsider or overrule circuit precedent. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011). For a three-judge panel to overrule prior circuit precedent on the basis of an intervening Supreme Court decision, the opinion must have "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

In *Descamps*, the Supreme Court addressed the definition of a violent felony for purposes of determining whether a previous conviction qualified under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). The Court specifically declined to address whether the crime qualified under the ACCA's "residual clause," contained in § 924(e)(2)(B)(ii). *See Descamps*, 133 S. Ct. at 2293 n.6. This case involves a violation of 8 U.S.C. § 1326 and the definition of violence in the residual clause contained in § 16(b), which has slightly different

-4-

language than the residual clause in § 924(e)(2)(B)(ii). Therefore, *Descamps* is not on its face clearly irreconcilable with our prior precedent. Accordingly, as a three-judge panel, we decline Rodriguez-Frias's invitation to overrule our existing precedent, especially on plain error review.

Given our resolution of this case, we need not–and do not–opine on the merits of the argument, nor on the availability of any other remedy, including a motion under 18 U.S.C. § 2255.

**AFFIRMED.**