**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 07 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br> v.<br><br>MIGUEL QUEVEDO-CORDERO, aka<br>Juan Robles Cordero, aka Jose Ochoa<br>Garcia, aka Miguel Quevedo,<br><br>  Defendant - Appellant. | No. 13-50145<br><br>D.C. No. 2:12-cr-00898-SJO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before:  EBEL,[**] KLEINFELD, and GRABER, Circuit Judges.

Defendant Miguel Quevedo-Cordero appeals his 60-month sentence

following a guilty plea to one count of being a deported alien found in the United

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, Senior Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

States after removal, in violation of 8 U.S.C. § 1326. For the reasons that follow, we vacate the sentence and remand for resentencing on an open record.

1. California Health and Safety Code section 11351 is "divisible" within the meaning of Descamps v. United States, 133 S. Ct. 2276 (2013). United States v. De La Torre-Jimenez, No. 13-50438 (9th Cir. Nov. 7, 2014). Accordingly, the modified categorical approach applies.

2. The district court plainly erred by failing to conduct an independent modified categorical approach, as described in United States v. Castillo-Marin, 684 F.3d 914 (9th Cir. 2012). What we wrote in that case applies equally here: "We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job." Id. at 921 (internal quotation marks omitted). But the modified categorical approach requires that courts look only to the documents approved in Shepard v. United States, 544 U.S. 13 (2005), S-Yong v. Holder, 600 F.3d 1028, 1035–36 (9th Cir. 2010), and it was plain error for the court to look beyond those documents. Castillo-Marin, 684 F.3d at 921. We are unpersuaded that our decision in Perez-Mejia v. Holder, 663 F.3d 403 (9th Cir. 2011), dictates a different result. Accordingly, we vacate the sentence and remand for resentencing on an open record.

3.  The district court did not impermissibly burden Defendant's constitutional rights.  See, e.g., United States v. Carter, 804 F.2d 508, 513 (9th Cir. 1986) ("When a defendant voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence.").

4.  Because we remand for resentencing, we need not, and do not, reach Defendant's argument that the district court committed other procedural errors at sentencing.

**Sentence VACATED; case REMANDED for resentencing on an open record.**