**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10094 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01766-CKJ-LAB-1 |
| v. | |
| MANUEL SALAIS-VASQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 9, 2015[**]
San Francisco California

Before: NOONAN, W. FLETCHER, and DAVIS,[***] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Manuel Salais-Vasquez appeals his conviction by guilty plea and sentence for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for plain error a claim of a Fed. R. Crim. P. 11 violation where, as here, the defendant failed to raise the issue below. *United States v. Vonn*, 535 U.S. 55, 59 (2002). The defendant must show: "(1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012). An error under Rule 11 that affects substantial rights is one for which the defendant can show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

We conclude the district court's failure to provide a general warning as to the immigration consequences of a guilty plea was not reversible error because Salais-Vasquez has not shown a reasonable probability that, but for the error, he would not have pled guilty. The district court erred by failing to warn Salais-Vasquez that he would be denied citizenship or admission, as Rule 11 and the Advisory Committee Notes require. *See* Fed. R. Crim. P. 11(b)(1)(O); Fed. R. Crim. P. 11 Advisory Committee Notes, 2013 Amendment, Subdivision (b)(1)(O).

2

However, this error did not affect Salais-Vasquez's substantial rights. *See Dominguez Benitez*, 542 U.S. at 83. Salais-Vasquez was already aware, because of his prior deportation as an alien convicted of murder and kidnapping, that he would be denied re-entry and citizenship. That Salais-Vasquez knew he crossed the border illegally confirms he understood he could not enter legally. His guilty plea here did not change his immigration status, except as to his removal, of which he was informed by the Magistrate Judge.

**AFFIRMED**.