**NOT FOR PUBLICATION**

FILED

OCT 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10348 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00246-HG-1 |
| v. | |
| MATTHEW ZMUDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted October 15, 2015[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Matthew Zmuda appeals his conviction for importation of, and conspiracy to

possess with intent to distribute, methamphetamine and heroin, and attempt to

possess with intent to distribute methamphetamine under 21 U.S.C. §§ 841 and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Federal Rule of Appellate Procedure 34(a)(2).

846. Zmuda contends that the district court abused its discretion in refusing to grant him a mistrial, and that the district court erred in prohibiting the use of the word "lie" in closing argument. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

The district court did not abuse its discretion when it declined to grant Zmuda a mistrial because Zmuda failed to demonstrate that there was a "high degree" of necessity requiring the grant of a mistrial. *Arizona v. Washington*, 434 U.S. 497, 506 (1978).

To the extent that Zmuda construes his claim to be one for ineffective assistance of counsel, such an argument is "more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991). Given the current record, Zmuda has failed to satisfy the requisite prejudice showing under *Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Any error in denying the mistrial was therefore also harmless.

## II

The district court did not err in prohibiting the use of the word "lie" in closing argument. While under the Sixth Amendment a defendant should be allowed to argue a theory of defense in closing where at least some evidence supports it, *United States v. Miguel*, 338 F.3d 995, 1002 (9th Cir. 2003), "[t]he presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations . . . . He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial." *Herring v. New York*, 422 U.S. 853, 862 (1975).

Here, the district court permitted defense counsel to argue her theory of the case—namely, that witnesses Antoine Lewis and Sergeant Rose were "not credible." Though the word "lie" may have had a more powerful impact on the jury, in exercising its "great latitude" over closing arguments, the district court did not commit plain error in requiring defense counsel to use alternate verbiage in reference to witnesses. *See United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012) (defining a plain error as one that is "clear or obvious," implicates the "substantial rights" of the defendant, and "seriously affect[s] the fairness, integrity or public reputation" of the trial). Given the overwhelming evidence presented against Zmuda, which included a signed confession, if the district court had in fact

3

erred in forbidding the word "lie," such error was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

**AFFIRMED.**