**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10396 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00173-JCM |
| v. | |
| JORGE FRANCO-IBARRA, a.k.a. Fernando Lomeli-Ibarra, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Jorge Franco-Ibarra appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being a deported alien found unlawfully in the United States, in violation of 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

In supplemental briefing, Franco-Ibarra contends that the district court erred by applying a 16-level enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The presentence report ("PSR") stated that Franco-Ibarra's prior conviction for coercion qualified as a crime of violence under U.S.S.G. § 4B1.1, a Guideline that is not applicable in this case and which defined "crime of violence" differently than the relevant Guideline. *Compare* U.S.S.G. § 4B1.2(a) (2014), *with* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2014). Because the PSR applied the wrong definition of "crime of violence," the district court plainly erred by relying on it. *See United States v. Castillo-Marin*, 684 F.3d 914, 921-22 (9th Cir. 2012).

The government suggests that the district court's error was not prejudicial because the documents of conviction would demonstrate that the coercion statute is divisible, *see Mathis v. United States*, 136 S. Ct. 2243, 2256-57 (2016), and that Franco-Ibarra was convicted of a crime of violence. We cannot evaluate this claim because the documents of conviction are not part of the record. Under these circumstances, and given the substantial effect of the enhancement on Franco-Ibarra's Guidelines range, we conclude that the district court's error affected

Franco-Ibarra's substantial rights and the fairness of judicial proceedings. *See*

*Castillo-Marin*, 684 F.3d at 927.

Upon remand, if the government again seeks the 16-level enhancement, it

may submit Franco-Ibarra's documents of conviction. *See id.* In that event, the

district court can determine in the first instance whether Franco-Ibarra's prior

conviction under the Nevada coercion statute qualifies as a crime of violence under

U.S.S.G. § 2L1.2(b)(1)(A)(ii).

In light of this disposition, we decline to consider Franco-Ibarra's remaining

claims of sentencing error.

**VACATED and REMANDED for resentencing.**