NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30121 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00288-JCC-1 |
| v. | |
| ANTONIO LARICO FORBES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 15, 2018[**]
Seattle, Washington

Before: M. SMITH and WATFORD, Circuit Judges, and RAYES,[***] District Judge.

Antonio Forbes appeals from the district court's judgment and challenges

the 36 months' imprisonment imposed following his guilty-plea conviction for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

1

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Forbes contends that the district court erred in finding a base offense level of 20 under sections 2K2.1(a)(4) and 4B1.2(a) of the United States Sentencing Guidelines ("Guidelines"), due to Forbes' prior conviction for attempted first-degree robbery under Washington law. We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017).

When a defendant possesses a firearm after a prior felony conviction for a "crime of violence," the Guidelines provide that the base offense level is 20. U.S. Sentencing Comm'n, *Guidelines Manual*, § 2K2.1(a)(4)(A) (Nov. 2015). A conviction can qualify as a crime of violence if it is one or more of the enumerated offenses listed in subsection 4B1.2(a)(2), or if it "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 4B1.2(a)(1). Here, the government contends that Washington's attempted first-degree robbery constitutes an enumerated offense under § 4B1.2(a)(2).[1]

---

[1] Though Forbes argued in his opening brief that neither § 4B1.2(a)(1) nor § 4B1.2(a)(2) applies to his attempted first-degree robbery conviction, the government has not responded to his § 4B1.2(a)(1) argument and therefore has waived reliance on the force clause. *See, e.g.*, *United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012).

In determining whether Forbes' conviction constitutes an enumerated offense, we apply the categorical approach, which compares the elements of the crime of conviction—here, Washington attempted first-degree robbery—with the elements of any potentially applicable § 4B1.2(a)(2) enumerated offenses—here, robbery and extortion—to see if they match. If the scope of conduct covered by the elements of the Washington statute is broader than what the enumerated offense definition would cover, the crime of violence sentencing enhancement is not valid, regardless of whether the conduct that led to Forbes' prior conviction was in fact violent. *See Taylor v. United States*, 495 U.S. 575, 600 (1990).

The commentary to the Guidelines defines some, but not all, of the enumerated offenses. If the commentary does not supply a definition for an enumerated offense, as is the case here with robbery, we must determine the offense's generic definition. Generic robbery is defined as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the *person*." *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) (quoting *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006)).

In contrast, under Washington law, a person commits robbery when he "unlawfully takes personal property from the person of another . . . by the use or threatened use of immediate force, violence, or fear of injury to that person *or his*

3

*or her property . . . .*" Wash. Rev. Code § 9A.56.190 (emphasis added). Because Washington robbery encompasses threats to property and generic robbery excludes threats that are limited to property, the minimum conduct necessary to constitute Washington robbery does not fall categorically within generic robbery. *See United States v. Edling*, No. 16-10457, 2018 WL 2752208, at *3 (9th Cir. June 8, 2018) (finding similar Nevada robbery statute not a categorical match for generic robbery).

Likewise, Washington robbery is broader than Guidelines extortion, which also excludes threats that are limited to property. In 2016, the Sentencing Commission added a specific definition of "extortion" to § 4B1.2's commentary, which provides: "'*Extortion*' is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.1, comment. (n.1); *see* U.S.S.G. Supp. to App. C, Amend. 798 at 131 (2016). "[T]he Guidelines' new definition of extortion narrows the offense by requiring that the wrongful use of force, fear, or threats be directed against the person of another, not property." *Edling*, 2018 WL 2752208, at *3. Because Forbes' underlying crime of conviction can be achieved through threats to property and Guidelines extortion excludes threats that are limited to property, Washington robbery exceeds Guidelines extortion. "To the extent any ambiguity remains as to whether the new definition of extortion includes threats of injury to

4

property . . . that ambiguity must be resolved in [Forbes'] favor under the rule of lenity." *Id.* at *4.

**REVERSED**.