FILED

AUG 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNANDO MURGUIA-OCHOA,

Defendant - Appellant.

No. 12-10022

DC No. 2:08 cr-0417 MCE

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

Before:    TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior
District Judge.[**]

Appellant Fernando Murguia-Ochoa ("Murguia") appeals his sentence

following his plea of guilty to two counts of drug trafficking, in violation of 21

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

U.S.C. §§ 841(a)(1) and 846. The district court sentenced Murguia to 292 months in prison, representing the low end of the Sentencing Guidelines range. On appeal, Murguia contends that the district court erred in its Guidelines calculations. Specifically, he contends that the district court erred in adding criminal history points based on a 1989 California conviction for assault with a firearm, and that the district court further erred by treating the 1989 conviction as a predicate felony for the career offender enhancement under U.S.S.G. § 4B1.1.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the district court did not have sufficient evidence to treat the 1989 conviction as a "crime of violence" for purposes of the career offender enhancement, we vacate the sentence and remand for further proceedings.

1.      The district court did not err in adding three criminal history points in connection with the 1989 conviction. Murguia contends that the conviction is ineligible for inclusion in the Guidelines calculations because the term of imprisonment was less than one year and one month and was completed more than fifteen years prior to the offense conduct in the instant case. *See* U.S.S.G. § 4A1.2(e). Indeed, Murguia was originally sentenced for the conviction on June

---

[1]      All references to the Sentencing Guidelines are to the 2011 edition, which was the edition used in the Presentence Investigation Report ("PSR").

12, 1992, receiving one year in county jail and three years of probation. While serving the term of probation, however, Murguia absconded and committed misdemeanor violations. His probation subsequently was revoked. On March 18, 1998, he was sentenced to four years' imprisonment for the probation violation.[2]

U.S.S.G. § 4A1.2(k) clarifies the treatment of convictions – such as Murguia's 1989 assault conviction – for which an original sentence was in place but then an additional sentence was imposed due to a probation violation. Section 4A1.2(k)(1) provides that the length of the original sentence is to be aggregated with the sentence for the probation violation, and the resulting total represents the relevant length of time for adding criminal history points. *See* U.S.S.G. § 4A1.2(k)(1). Here, the aggregate sentence for the assault conviction was five years, translating to three criminal history points under U.S.S.G. § 4A1.1(a), assuming that the timing requirements are otherwise satisfied.

---

[2]    In his reply brief, Murguia argues that the record is not clear as to whether the four-year sentence was entirely for the probation violation or whether it included, in part, punishment for the misdemeanor violations. This argument is waived, because it was not raised in the opening brief and none of the possible waiver exceptions applies. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir. 1992). In any event, the argument lacks merit; the PSR is unambiguous that the four-year sentence was imposed for the probation violation.

Those requirements are satisfied because, pursuant to U.S.S.G. § 4A1.2(k)(2)(A), when the aggregate sentence is greater than one year and one month, the relevant date is the last date of incarceration for the two sentences. Because the sentence for Murguia's probation violation was imposed on March 18, 1998, the last date of incarceration on that sentence was necessarily within fifteen years of the offense conduct in this case, thereby meeting the criteria of § 4A1.2(e)(1). Accordingly, the district court did not err in adding three criminal history points in connection with this conviction.

2. We similarly reject Murguia's argument that the length and timing of the sentence for the 1989 conviction render it ineligible from serving as a predicate felony for the career offender enhancement. U.S.S.G § 4A1.2(k) is intended to effectuate the merger of an original sentence and a sentence for a related probation violation for all purposes under the Guidelines. *See id.* § 4A1.2 cmt. n.11 ("Rather than count the original sentence and the resentence after the revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence."). Subsections (1) and (2) merely split up the length and timing consequences resulting from the merger. Thus, merged sentences, such as the one

resulting from Murguia's assault conviction and probation violation, which are for greater than one year and one month and for which the last day of imprisonment was within fifteen years of the present offense, are to be "counted" under § 4A1.2(e)(1), rendering them eligible to serve as predicate convictions for the career offender enhancement. *See id.* § 4B1.2 cmt. n.3 (noting that the provisions of § 4A1.2 govern the counting of convictions under § 4B1.1).

**3.** Nevertheless, the district court committed plain error in treating the 1989 conviction as a predicate felony because the district court did not have a sufficient basis on which to conclude that the conviction qualifies as a "crime of violence" pursuant to U.S.S.G. § 4B1.2(a). *See id.* § 4B1.1(a) (conditioning application of the career offender enhancement on the defendant having "at least two prior felony convictions of either a crime of violence or a controlled substance offense").

Our precedent is clear that in applying the categorical and modified categorical approaches "[u]nder *Taylor v. United States*, 495 U.S. 575 (1990), the *actual statute of prior conviction* must be supplied to the district court by the government whether or not anyone objects to its absence." *United States v. Pimentel-Flores*, 339 F.3d 959, 967 (2003) (emphasis added). Here, the PSR did not list the California statute that was the basis for the 1989 conviction, nor did the

government, on whom the burden rested, present any records to the district court from the relevant state court proceedings. Thus, it is necessarily the case that the district court relied either on the PSR's factual description of the offense, or on the PSR's mere characterization of the offense as a crime of violence. It is plain error for a district court to rest on either of these bases. *See United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012) ("[A] district court may not rely on a PSR's factual description of a prior offense to determine whether the defendant was convicted of a crime of violence, notwithstanding the defendant's failure to object to the PSR."); *id.* at 920 ("The district court also committed plain error to the extent that it based its sentence on the probation officer's characterization of [the defendant's] prior offense as a crime of violence."). The district court adopted the PSR's sentencing classification and advisory ranges without analyzing whether the 1989 conviction was categorically a crime of violence. *Id.*

Simply put, without evidence of the statute of conviction, the district court could not have been aware of the elements of the offense, and therefore any application of the categorical or modified categorical approaches was infirm. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Pimentel-Flores*, 339 F.3d at 967-69.

The government contends that, even if the district court committed plain error, that error was not prejudicial because assault with a firearm under California Penal Code § 245(a)(2) – purportedly the statute underlying the 1989 conviction – is categorically a crime of violence under U.S.S.G. § 4B1.2(a). This may well be true, but the government has provided no documentation, either below or on appeal, establishing that California Penal Code § 245(a)(2) was actually the statute of conviction.

Accordingly, we vacate the judgment of the district court and remand for further proceedings. On remand, if the government continues to pursue the career offender enhancement, it must supplement the record and provide documentation of the 1989 conviction.

**VACATED and REMANDED.**

<u>United States v. Murguia-Ochoa</u>, No. 12-10022

STAFFORD, District Judge, concurring in part and dissenting in part.

To the extent the majority finds that the district court's plain error requires us to vacate and remand for further proceedings, I must respectfully dissent.  While I agree that the district court committed plain error, Murguia-Ochoa is not thereby entitled to relief unless he satisfies his burden to show that his substantial rights were affected by that error.  *United States v. Olano*, 507 U.S. 725, 734 (1993).  He must, in other words, show a reasonable probability that, but for the error, he would have obtained a lesser sentence.  *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013).  Because I find that he has not made such a showing, I would affirm.