**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50454 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05213-JAH-1 |
| v. | |
| CARLOS ARMANDO ESCOBAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY, District

Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Defendant-Appellant Carlos Armando Escobar appeals his conviction of illegal reentry under 8 U.S.C. § 1326, and his below-Guidelines sentence of 63 months of incarceration and two years of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction, but vacate the sentence and remand for resentencing on an open record.

1.    The district court did not err in precluding defense counsel from eliciting testimony from a United States Customs and Border Protection records custodian about various statements in Escobar's Alien file ("A-file") concerning the citizenship status of Escobar's mother.

We review de novo a district court's construction of the hearsay rule, and we review a district court's decision whether to admit evidence under hearsay exceptions for abuse of discretion. *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002). The A-file statements about Escobar's mother contain two levels of hearsay ("hearsay-within-hearsay")—the original statement from Escobar to the immigration agent and the agent's written record of the statement. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1087–88 (9th Cir. 2000) (noting that an alien's statement to an immigration officer was hearsay-within-hearsay when contained in the immigration officer's report). Even if the public records hearsay exception under Federal Rule of Evidence 803(8) applies to the first layer of hearsay (the agent's record of what Escobar

2

said), it does not apply to the second layer because Escobar himself purportedly made each of the out-of-court statements at issue. *See id.* Moreover, the family history exception under Federal Rule of Evidence 803(19) is inapplicable because Escobar's statements do not reflect the reputation of Escobar's mother among her family, associates, or community. Rather, the statements only represent the beliefs of Escobar. These statements are also not party-opponent admissions under Federal Rule of Evidence 801(d)(2)(D) because the statements were made by Escobar and recorded by others, and are not fairly construed as statements of the interviewing agents.

Finally, the proper exclusion of these out-of-court statements did not violate Escobar's right to present a defense because the statements were of limited probative value, were not reliable, and were available through other means. *See United States v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010).

2.    On de novo review, *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999), the district court did not err when it determined Escobar's illegal reentry conviction carried a maximum penalty of twenty years of incarceration. Notwithstanding *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1988) regarding judicial

3

determination of the fact of a prior conviction continues to bind this Court. *See Alleyne*, 133 S. Ct. at 2160 n.1.

3.　　In imposing the 63-month sentence, the district court correctly found that California Health & Safety Code § 11378 is divisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and therefore subject to the modified categorical approach. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014) (concluding Cal. Health & Safety Code § 11378 is divisible); *see also Coronado v. Holder*, 759 F.3d 977, 984–85 (9th Cir. 2014) (holding Cal. Health & Safety Code § 11377(a) is divisible).

4.　　However, in conducting the modified categorical approach, the district court plainly erred by relying solely on the description of Escobar's prior conviction listed in the presentence report ("PSR"). *See United States v. Castillo-Marin*, 684 F.3d 914, 920–22 (9th Cir. 2012).[1] As in *Castillo-Marin*, *id.* at 927, we remand on an open record, so as to provide the Government with the opportunity to submit acceptable evidence of the factual basis of the prior conviction.

AFFIRMED in part, VACATED in part, and REMANDED.

---

[1] *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 433 (9th Cir. 2011) is inapposite because there, the PSR identified specific court documents on which it relied, and "evidently quoted from state court documentation." Here, the PSR refers broadly to "court documents" and "judicially noticeable documents."