**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50228 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-05213-JAH-1 |
| v. | |
| CARLOS ARMANDO ESCOBAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges and RESTANI,** Judge.

Carlos Armando Escobar was convicted after a jury trial of illegal presence in

the United States in violation of 8 U.S.C. § 1326. He challenges the imposition of

a 16-level enhancement under United States Sentencing Guideline ("U.S.S.G.")

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\** The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

§ 2L1.2 based on a conviction for possession of a controlled substance for sale in violation of California Health & Safety Code § 11378.  He also challenges the district court's imposition after a prior remand of an additional year of supervised release to his original sentence.   We affirm in part, vacate in part, and remand with instructions.

1.    In his prior appeal, Escobar argued that § 11378 is overbroad and indivisible both as to drug type and intent, and therefore the modified categorical approach cannot be employed to determine whether his prior conviction supports the § 2L1.2 enhancement.   We concluded that "California Health & Safety Code § 11378 is divisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and therefore subject to the modified categorical approach."   *United States v. Escobar*, 594 F. App'x 920, 922 (9th Cir. 2014) (alterations omitted).   But, we held that the district court "erred by relying solely on the description of Escobar's prior conviction listed in the presentence report," and remanded "to provide the Government with the opportunity to submit acceptable evidence of the factual basis of the prior conviction."   *Id.*   On remand**,** the district court concluded that the documents of conviction unambiguously established that Escobar was convicted of possession for sale of methamphetamine.

2.    In this second appeal, Escobar again argues that § 11378 is indivisible as to both drug type and intent, and that his conviction under that California statute

therefore cannot serve as the basis for the § 2L1.2 enhancement.  Having rejected this argument in Escobar's prior appeal, *see Escobar*, 594 F. App'x at 922, we decline the invitation to revisit that ruling.  *See also United States v. Vega-Ortiz*, --- F.3d ---, 2016 WL 2610177, at *4 (9th Cir. 2016).

3.     We apply the modified categorical analysis to determine whether Escobar's prior conviction qualifies as a "drug trafficking offense" under U.S.S.G. § 2L1.2.  "[T]he term 'controlled substance,' as used in the 'drug trafficking offense' definition in U.S.S.G. § 2L1.2, means those substances listed in" the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-904.  *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012).  "Our inquiry is limited to 'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'"  *Id.* at 1168 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).  Count 2 of the California felony complaint charged Escobar with possession for sale of methamphetamine.  The abstract of judgment and plea form confirm that Escobar was convicted on Count 2.  Methamphetamine is a "controlled substance" under the CSA.  21 U.S.C. §§ 802(6), 812.  The district therefore properly imposed the 16-level enhancement.  *See Leal-Vega*, 680 F.3d at 1168-69.  The fact that Escobar entered a plea under *People v. West*, 477 P.2d 409 (Cal. 1970), is immaterial, because "when read in

conjunction with the Complaint," it is "clear the controlled substance at issue was methamphetamine." *United States v. Valdavinos-Torres*, 704 F.3d 679, 684 (9th Cir. 2012); *see also Cabantac v. Holder*, 736 F.3d 787, 794 (9th Cir. 2012) (per curiam) (rejecting an identical argument).

4.      Escobar argues that, even if he was convicted of possession for sale of methamphetamine, the *Shepard* documents do not establish that he knew the drug he possessed was methamphetamine, as opposed to some hypothetical drug banned in California but not by the CSA, and his California conviction therefore does not establish that his conduct violated federal law.   However, Escobar failed to present this argument to the district court after our previous remand, which directed the court to analyze the *Shepard* documents to determine "the factual basis of the prior conviction." *Escobar*, 594 F. App'x at 922.   Therefore, the argument is forfeited. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

5.      The district court imposed an additional year of supervised release on resentencing.   The court did not discuss the basis for this change, which appears to have been inadvertent.   Thus, although we affirm Escobar's sentence in all other respects, we vacate the portion of the sentence providing for three years of post-incarceration supervised release and remand to the district court with instructions to impose the original two-year term.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

4